DATE 8/3/05

CASE# CA.03-257-T

EDWARD EUGENE YOUNG SR PRO-SE

V

ASHBEL T. WALL

MOTION TO PROCEED IN THE 2254

FEDERAL COURT

Now comes the petitioner Edward Eugene Young Sr, Pursuant to 28 U.S.C. & **2254 636 ( B) and local R. 32 (C).** The Petitioner has been before this Court on **JUNE 12 2002.**the **FEDERAL COURT**, Moved to dismiss the petitioner. On the basis that the petitioner, has failed to Exhaust his State Remedies. The Petitioner, Case was sent Back to **THE R.I. SUPREME COURT, FOR A 10, MINS, HEARING OF SHOW CAUSE ON APRIL 4 2005. On the issues relating to post--conviction relief, recitations of facts underlying his conviction, and arguments from his first trial. In Providence Superior Court, on September 20 1996; The petitioner** Has now recived his answer from the **RHODE ISLAND SUPREME COURT, ON JULY 1 2005** And the Opinion States; After hearing the agruments and exanining the memoranda filed by the parties, **WE ARE OF THE OPINION, THAT THE SHOW CAUSE, HAVEN'T BEEN SHOWN. AND WE PROCEED TO DECIDE THE APPEAL AT THIS TIME, FOR THE REASONS SET FORTH HEREIN, WE AFFIRM THE JUDGEMENT OF THE SUPERIOR COURT, THE PETITIONER NOW, ASK THE FEDERAL COURT, FOR MOTION TO PROCEED . ON FACTS THAT WERE NOT FULLY ADDRESSED AT FIRST TRIAL, IN THE PROVIDENCE SUPERIOR COURT. THOUGH THEY WERE ALL LISTED THROUGH OUT (MR YOUNG SR) INTIRE CASE:**

UNDER MISRESPRETATION OF COUNSEL, DUE TO THE WORST KIND OF BRADY VIOLATION'S ON THE RECORD. AND WITH MY CONSTITUTIONAL RIGHTS, STILL BEING VIOLATED UNDER THE COLOR OF THE STATE LAW'S:

FACTUAL HISTORY

1) THE FEDERAL COURT MOVED TO DISMISS THE PETITIONER'S CASE, WITH OUT PREJUDICE: BECAUSE ( THE STATE ATTORNEY GENERAL'S OFFICE) TOLD THE FEDERAL COURT, THAT THE PETITIONER, HAS FAILED TO EXHAUST HIS STATE REMODIES. AND TO ENSURIS THAT, STATE COURT'S HAVE THE FIRST OPPORTUNITY TO CORRECT THIER OWN CONSTITUTIONAL ERROR'S:

2) THE PETITIONE, HAD ASKED THIS FEDERAL COURT, TO PROCEED IN HIS CASE. STATEING, THAT THE STATE COURT, HAD ALREADY MADE THE OPINION IN HIS CASE. IN JANUARY OF 2000, IF THE ( FEDERAL COURT) WILL LOOK AT THE REPORT AND RECOMMENDATION. THAT WAS MADE ON PAGES ( 7 to 10) BUT (9) BEING THE PAGE THE PETITIONER, ADDRESS THIS COURT ON: BUT THE FEDERAL COURT, HAVE STATED: THAT THE PETITIONER'S ISSUES OF ARGUMENT'S, WAS MISPLACED: AND AFTER COMPARING THE CLAIMS RAISED BY THE PETITIONER, IN HIS DIRECT APPEAL WITH THOSE HE RAISED IN THE PETITION. THE LEGAL CONTENTIONS HE RAISES NOW, HOWEVER,ARE COMPLETELY DIFFERENT FROM THOSE ADJUDICATED BY THE SUPREME COURT: AND TO SOME DEGREE, COULD NOT HAVE BEEN DECIDED IN HIS DIRECT APPEAL, AS SUCH, THE PETITIONER'S ARGUMENT THAT THE SUPREME COURT, HAS ALREADY CONCIDERED HIS FEDERAL HABEAS CLAIM'S MUST BE REJECTED:

3) THE PETITIONER HAS NOW RECEIVED THE STATE SUPREME COURT, OPINION: AND NOW ASK THE FEDERAL COURT, FOR THE PETITIONER, TO PROCEED IN THE FEDERAL COURT. DO TO(THE OPINION) OF THE SUPREME COURT OF ( RES, JUDICATA) AND THE PETITIONER'S ARGUMENT'S TO THE COURT:

1) THE TRIAL COUNSEL, WAS INEFFECTIVE BY FAILING TO PRESENT THE TESTIMONY OF THE D.C.Y.F. SOCIAL WORKER AND THE POLICE OFFICER:

2) HIS APPELLATE COUNSEL, WAS INEFFECTIVE BY FAILING TO RAISE THE ISSUES ON APPEAL ABOUT THE FAILURE TO PRESENT THOSE WITNESSES. AND THE DENIAL OF HIS MOTION FOR A NEW TRIAL:

3) THE JURY WAS PREJUDICE AGAINST HIM, WHICH SHOULD OF RESULTED IN A MISTRIAL:

4) THE TRIAL JUSTICE, HAD A(EX-PARTE)COMMERSATION WITH THE PROSECUTOR:

5) THE PROSECUTOR, DID NOT ACT IN GOOD FATH IN BRINGING THE CASE AGAINSR HIM:

6) THERE WERE INCONSISTENCIES IN THE WITNESSES, TESTIMONY STATMENT'S: COMPARED WITH TRIAL TESTIMONY STATMENT'S:

IN THE OPINION, OF THE SUPREME COURT, STATING AT PAGE (4) OF THE JULY 2005;

( THE PETITIONER) EDWARD EUGENE YOUNG SR, DISAGREE WITH THE OPINION, OF THE SUPREME COURT: OF THE INEFFECTIVE COUNSEL AT TRIAL AND AT APPELLATE ON PAGES (4) TO(7): AND THE PETITIONER, HAS INFACT, DEMONSTRATED THAT HIS COVICTION AND OR SENTENCE HAS VIOLATED HIS RIGHTS THAT THE STATE AND FEDERAL CONSTITUTIONS. SECURED TO HIM, AND THE REASON OF THE PETITIONER GOING PRO-SE IN HIS CASE, IS BECAUSE OF INEFFECTIVE OF COUNSEL, WHICH DID NOT DO THERE JOB OF BRINGING THESE ARGUMENT'S TO THE COURT'S THE RIGHT WAY: AND BEING PRO-SE HAS BROUGHT THESE ARGUMENT'S TO THE LIGHT OF THE COURT, THE RIGHT WAY THAT BOTH COUNSEL'S FOR THE PETITIONER, SHOULD HAVE FROM THE START OF THE TRIAL ON THROUGH UNTO JUSTICE WAS SEEN IN THIS CASE, FOR THE VICTIM AND THE PETITIONER: THE PETITIONER, DISAGREE, WITH THE SUPREME COURT ON PAGE (7) AT THE(BOTTOM OF,THE PAGE) **THE SUPREME COURT, WENT ( RES JUDICATA) ON"THE IMPARTIAL JURY" THIS(SUPREME COURT)WOULD NOT EVEN, LOOK <u>BACK"IN TO THIS CASE</u>"TO SEE IF ANYTHING WAS DONE WRONG TO THE PETITIONER BY THE SUPREME COURT OR ANY OTHER COURT: AFTER THIS FEDERAL COURT, HAS STATED: THE LEGAL CONTENTION'S THAT HE RAISES NOW, HOWEVER, ARE COMPLETELY DIFFERENT FROM THOSE**

ADJUDICATED BY THE SUPREME COURT: BUT AS LIKE(THE PETITIONER) HAS PLEADED WITH THE FEDERAL COURT, THAT(SUPREME COURT) HAS ADDRESS THESE ISSUES : " NOW THE SUPREME COURT, HAVE SAID THE SAME TRHING TO THE(FEDERAL COURT)AT THIS TIME:

THE PETITIONER, DISAGREE, WITH THE SUPREME COURT, OPINION ON(PAGE # 8) WHERE IT STATES-- THAT THE PETITIONER, WAS TRYING TO RETRY HIS CASE: BY ALLEGING INCONSISTENCIES IN THE ( VICTIM) STATMENT'S COMPARED WITH TRIAL TESTIMONY. BECAUSE IT WAS IN THE TRIAL, THAT THE INCONSISTENCIES WAS BROUGHT OUT, TO A POINT BY THE PETITIONER'S LAWYER: AND IT WAS SAID OF IN TRIAL AT TIMES, OTHER WISE, (THE PETITIONER) WOULD NOT KNOW OF THE CONTRADICTED AND INCONSISTENCIES OF TESTIMONY: AND THE D.C.Y.F.(WORKER'S RECORD'S) "ALSO DO SHOW THIS" WHICH THE(PETITIONER) DO HAVE FULL RIGHTS TO AND TO KNOW OF: AND IT WAS ALSO BROUGHT OUT ON ( DIRECT APPEAL) FROM JUDGEMENT OF CONVICTION ENTERED IN THE SUPERIOR COURT # 97-573-CA:

THE PETITIONER, DISAGREE, WITH THE ( SUPREME COURT) OPINION AT THE BOTTOM OF PAGE # 8---ON THE EX PARTE CONVERSATION WITH THE PROSECUTOR: AND THAT THE PROSECUTOR, DID NOT ACT IN GOOD FAITH IN BRINGING THE CASE AGAINST HIM: ( THE JUSTICE'S) MAKE A STATMENT:THAT IT APPEAR TO BE RAISED FOR THE FIRST TIME ON APPEAL, AND THERE COURT WILL NOT CONSIDER ISSUES, RAISED FOR THE FIRST TIME ON APPEAL: " BUT THEN" THE(SUPREME,COURT) THEN STATE A OPINION ON THE ISSUES ---- WHEN STATEING: " WE NOTE, HOWEVER, THAT THE APPLICANT HAS FAILED TO SUPPORT EITHER CONTENTION, WITH COMPETENT EVIDENCE": ( THIS IS A OPINION OF THE SUPREME COURT) ON THESE ISSUES,, EVEN IF USE"THE WORD" (NOTE) THE WORDING OF(THAT NOTE) GIVE THE OPINION, THAT THE(PETITIONER) FAILED TO SUPPORT EITHER

IN EVIDENCE, AS LIKE IS SAID BY THE SUPREME COURT: AND FOR ALL THE REASON'S THAT IS STATED ABOVE: " THEREFORE " ( THE PETITIONER) PRAYS THAT THE FEDERAL COURT, WILL GRANT THIS MOTION TO PROCEED IN THE FEDERAL COURT. AND THAT THE FEDERAL COURT, WILL ADDRESS ALL HIS ISSUES IN THIS CASE WITH 10-9.1-7 GENERAL LAWS: AND MAKE A JUDGEMENT ON EACH ISSUESS: THE PETITIONER HAS DONE WHAT THE(FEDERAL COURT,)" HAVE ORDERED " HIM TO DO, BUT(THE,PETITIONER) CAN'T MAKE THE(STATE COURT,) OBODE BY WHAT THE ( FEDERAL COURT) ORDER'S: THE PETITIONER HAS WENT BACK TO THE (SUPREME COURT) AND GOT THERE OPINION FROM THEM THAT THEY HAVE SEEM TO GIVE, THAT IS FIT FOR THE PETITIONER. AND I THE PETITIONER," DO STILL IN EVERY WAY " THAT HIS CONSTITUTIONAL RIGHTS IS VIOLATED IN THIS CASE AND ASK AS WELL AS PRAY FOR THE FEDERAL COURT, TO LOOK AT ALL ISSUES IN THIS CASE AND MAKE YOUR JUDGEMENT ON THIS CASE:

CERTIFICATION

I EDWARD EUGENE YOUNG SR, DO CERTIFY THAT A TRUE COPY OF THIS ANSWER TO THE SUPREME COURT, JUDGEMENT OF THE 10, MINS, SHOW CAUSE HEARING, AND THERE OPINION: HAVE BEEN SENT TO THE ATTORENY GENERAL, OFFICE AT 150 SOUTH MAIN STREET, PROVIDENCE R.I. 02903 ON THE DAY OF 8/3/05

Edward E Young Sr

PRO-SE EDWARD EUGENE YOUNG SR