(1)

DATE 8/3/05

CASE# C.A. 03-257-T

EDWARD EUGENE YOUNG SR--PRO--SE

V

ASHBEL T. WALL

MOTION TO GRANT 2254 for writ of HEBEAS CORPUS

Now comes the petitioner Edward Eugene Young Sr, Pursuant to 28 U.S.C. & **2254 636 ( B) and local** R. 32 (C). The Petitioner has been before this Court on **JUNE** 12 2002.the **FEDERAL COURT,** Moved to dismiss the petitioner. On the basis that the petitioner, has failed to Exhaust his State Remedies. The Petitioner, Case was sent Back to **THE R.I. SUPREME COURT, FOR A 10, MINS, HEARING OF SHOW CAUSE ON APRIL 4 2005. On the issues relating to post--conviction relief, recitations of facts underlying his conviction, and arguments from his first trial. In Providence Superior Court, on September 20 1996; The petitioner** Has now recived his answer from the **RHODE ISLAND SUPREME COURT, ON JULY 1 2005** And the Opinion States; After hearing the agruments and exanining the memoranda filed by the parties, **WE ARE OF THE OPINION, THAT THE SHOW CAUSE, HAVEN'T BEEN SHOWN. AND WE PROCEED TO DECIDE THE APPEAL AT THIS TIME, FOR THE REASONS SET FORTH HEREIN, WE AFFIRM THE JUDGEMENT OF THE SUPERIOR COURT, THE PETITIONER NOW, ASK THE FEDERAL COURT, FOR WRIT OF HABEAS CORPUS. ON FACTS THAT WERE NOT FULLY ADDRESSED AT FIRST TRIAL, IN THE PROVIDENCE SUPERIOR COURT. THOUGH THEY WERE ALL LISTED THROUGH OUT (MR YOUNG SR) INTIRE CASE:**

Under misrespretation of counsel, due to the **WORST KIND OF BRADY VIOLATIOS ON RECORD. AND WITH MY CONSTITUTIONAL RIGHTS STILL BEING VIOLATED UNDER THE COLOR OF THE STATE LAWS.**

Factual History

(1) **CONSTITUTIONAL VIOLATION AT MY TRIAL.** Due to the fact my entire case has been tryed on **HEARSAY EVIDENCE, NY PEOPLE V REED,** 123 **N.Y.S.** 305, 66, 425- **STATES:** In order to constitute perjury or false swearing, the matter sworn to must ordinarily be false in facts; Perjury maybe commited with respect to a statement true in facts. However, where defendent lacks any knowledge of its truth or falsity, the perjury in such cases resting on the false statments of affiant's knowledge or belief.

(2) The Victim in this case made false and misleading statments concerning the Petitioner more then two different times to **THE POLICE AND TO D.C.Y.F. WORKER MS DANCE.** Pertaining to the petitioner that she was never touched by the defendant. At his house, When asked also by her Mother, also the victim in this case ( Ms Karen T.) and her mother have also stated; that they both thought highly of the defendant. Which also they have stated; That Mr Young, have took the victim many places to run errands. In the cause of the month that these suppose sexual assault's took place.

(3) **IN EXHIBIT (A) ON PAGE (TR-94) OF THE TRIAL TRANSCRIPTS.** Ms Karen T. States; after Mr Young Sr, told her not to say anything to anyone about them having sex. Mr Young Sr, made a threat he would hurt her or someone in her family. The Victim Karen T, then states; That she just got dressed and run down the stairs to the car and locked herself in. Because she was scared, but once Mr Young Sr, finally came back to the car she unlocked the door for him, and they drove off back to her home. And on returning home she

Never told her her Mother about the incedent's infact the Victim sat next to Mr Young Sr, on the couch watching t.v. by his side for over an hour and A half. And she wasn't crying or Complaining.

(4) (TR-115) OF TRANSCRIPTS, U.S. V SOLER. 275 F3D 146(1st CIR.2002) Is very clear, A Court of Appeals must uphold a Verdict of conviction. Unless the evidence, viewed in the light most hospitable to the Government's theory of the case. Could not have persuaded a rational trier of facts beyond any reasonable doubt. Of the defendants guilt; in other words, the virdict can stand if and only if, the the evidence viewed in the requisite light suffices to establish each element of the offense of conviction beyond a reasonable doubt.

(5) Mr Young Sr, have stated; To this very day, that Mr Young Sr, has never touched her sexaully do to the fact of her age. And infact this is a well placed fact do to the facts of the other issues with Karen T.) Family's new found hatred for Mr Young Sr. Not to mention there is NO CREDIBILITY, OR MEDICAL EVIDENCE TO SUPPORT THIS ENTIRE TESTIMONY"OR EVEN NO PHYSICAL" When a defendant asserts that his or her conviction is against the manifest weight of the evdience an appellate court, must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, THE TRIER OF FACTS CLEARLY LOST ITS WAY, AND CREATED SUCH A MENIFEST MISCARRIAGE OF JUSTICE THAT THE CONVICTION MUST BE REVERSED. AND A NEW TRIAL ORDERED: CITY OF NORTH PEDGEVILLE V- KINGSBORO 2002, WL 5682 (OHIO APP. 9th) DIST, LORAIN COUNTY (2002) ALL CIRCUIT'S ARE IN AGREEMENT ON THIS ISSUE.

COM V KENNEDY 2001, PA. SUPER. 384, 2001, WL 1662, 502(PA. SUPER CT,2001) AND U.S. V ADAMS, 271, F 3d 1236(10th cir, 2001).

(6) IN THE CASE THAT IS BEFORE YOU TODAY, THE VICTIONS, MEDICAL RECOREDS, DONOT SUPPORT HER STATMENTS OF BEING SEXUALLY ASSAULTED, THIS WOULD HAD TOBE EVIDENCE TO THE TRUTHFULNESS OT HER STORY. STATE V ORTIZ 626. N.W. 2d 445 ( MINN, CT. APP. 2001) REVIEWED DENIED (JUNE 27 2001) The victim Medical records were properly part of the record in the states appeal of the dismissal of the first degree sexual assault charge. Though Medacal recoreds were not supplied to the DISTRICT COURT Before it issued its initial decision, Where records were submitted along with the motion to reconsider; MR YOUNG SR, DO STATE: THAT THESE FALSES AND COERCED STATMENTS, WAS MADE BUT NOT EVER PROVEN BY THE STATE: This hearsay evidence was admitted by the victim more then once. TO THE POLICE AS WELL AS TO THE D.C.Y.F.( MS DANCE) Then the state insisted it was alright not to call these witnesses, to the stand to testify at the trial before my jury. THIS SIR, IS ONE OF MY CONSTITUTIONAL RIGHTS TO BE HEARD.

(7) IN WILKERSON V STATE, 139 MD. A2d 223 (2001) STATES: Its also very clear that defendants, allegetion that detective's testimony, which identified defendant. As the shooter, in the murder prosecution, was improper hearsay was waived and this is not preserved for and appeal, Where only point at which defense counsel, noted that the declarant, had not been subjected to coss-examination was during his motion for a new trial. This would result IN A CONSTITUTIONAL VIOATION. Also in support of my two witnesses, not being called to take the stand, WHICH WAS DENIED ME AT MY TRIAL IN PROVIDENCE SUPERIOR COURT. IS A DENIAL OF MY CONSTITUTIONAL RIGHTS TO A FAIR TRIAL - IN STATE

**V-ANTHONY R.I. 422 A 2d. 921( R.I. 1980) STATE V LEMON 478 A 2d 175( R.I. 1984) STATE V MANFREDI 118 R.I. 144, 372 A 2d 975 (R.I. 1975).**

**MISCONDUCT OF THE WORST KIND:**

(8) In Exhibit ( A-1) **ON PAGE (TR-188) TO PAGE (TR-190) of trial transcript testimony.** Of Mr Scott Berns- the Pediatric Emergency Physician, that did the Mediaal examination on(Ms Karen T.) Which she was 12, Years old at this time. Testifyed that she have been raped by the defendant, Mr Young Sr, Over 21 Times. The Examination took place on the date of**(AUGUST 9 1993)** DR Scott Berns Examination related that there was no significant finding of a sexual assault on the(victim Ms Karen T) Infact the Docter, noted in his examination the victims(Hymen) that could have been a result of normal growth, was open, but he could not say that it was by sexual intercourse. Because Ms (Karen T.) was still a virgin, and MS Karens (story, that she have testimonyed to.had to be false allegations is what the petitioner is saying) this statment that is on page( **TR-192) OF THE TRIAL TRANSCRIPTS,** I now ask the courts what am I doing here in prison for a crime that never happened. **AND I ALSO ASK FOR MY IMMEDIATE RELEASE UNDER THE RULES OF 2254. BECAUSE OF THE CONSTITUTIONAL VIOLATIONS, THAT I HAVE SUFFERED ARE WITHOUT MERIT. AND IS THE WORST KIND OF OF BRADY VIOLATION.** On page ( **TR-98) of transcript. In Exhibit -A-**(Ms Karen) states; that Mr Young Sr, had intercourse with her from the back.**SEE TRIAL TESTIMONY, NARRATIVE PERPARED( BY DET, DONNA CARROL) IN DISCOVERY.** And Finally ( Ms Karen T.) have stated; The last time that she had intercourse was on **JULY 1 1993.** With the defendant Mr Young Sr, if the Justice would look at the **POLICE REPORT THAT WAS TOOK BY THE ABOVE NAME. THAT IS ON PAGE 46;** So again I ask the court, Just who it is that is truely lying in this case. The victim a

12 Year oid girl, that was told to lie about the defendant. Or the Dr Mr Scott Berns, that did the Medical examination on this case? Even the state D.C.Y.F. worker ( **MS DANCE**) Agrees with the Docter and the Defendant Mr Young Sr, that there was **NO SEXUAL ASSAULT**. I the Petitioner, strongly ask this court to read the Docters Medical Report before you decide anything else in my case. **( TR-188) an ( TR-190) and Page ( TR- 192)** Because Dr Scott Berns,has stated; On record the(victim Ms Karen T.)was perjurging herself on the stand(because if she was still a virgin as I the Petitioner, Mr Young Sr, Is seeing this all)

LOOK,IN) Exhibit) A-1==

Then the state Attorney Office, Knowingly used Perjuryed testimony to secure my Conviction. **BECAUSE IT WAS THE ATTORNEY'S GENERAL'S JOB, TO MAKE SURE THE VICTIMS, STATMENT'S CONCERNING THE STORY SHE TOLD: OF HER BEING RAPED 21 TIMES BY THE DEFENDANT MR YOUNG SR. WAS A TRUE AND ACTIUAL STATMENT OF MEDICAL FACT, THIS ALSO WOULD FULLS UNDER PROSECUTION MISCONDUICT: TO USE A PART OF A COERCED CONFESSION, WITHOUT FIRST SPEAKING WITH THE DOCTOR IN THIS PARTUCULAR CASE. TO KNOW IF MS (KAREN T.) WAS STILL A VIRGIN, SHE WAS ONLY A 12 YEAR OLD GIRL. BEING COURCED TO SECURE MR YOUNG SR, CONVICTION.**

## MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS, FOR BRADY VIOLATION

(1) Rule 16, Discovery and Inspection: Rule 16 5(F) All results in writting or copies thereof, Physcial, Or Medical Examination and of Scientific tests or Experiments. Made in particual cases and subject to an appropriate protective order under Paragraph (F) any tangable objects still in existance that were the subject of such test or experiments.

**STATE UNDER G.L. 1956 (1969) RE-ENACTMENT & 12-17-16;** The so called tangable evidence statute, see **STATE V RICCI (1970) 107 R.I. 582, 268 A 2d 692.** In addition under **RULE 26.1** The defendant is entitled at the trial after states witnesses has complited his direct testimony to receive any written statment or verbatim recording, of any oral statment given by the witnesses to agents of the state.

**SEE STATE V OUIMETTE 110 R.I. 747, 289, A 2d 124; STATE V CARILLO, 112 R.I. 6. 307, A ñd 773 (1973): STATE V LERNER 112 R.I. 62. 112 R.I. 915, 308, A.2d 324(1973) Ingeneral;** IN Promulgating this rule, Rhode Island, has odopted one of themost liberal discovery mechanisms in the UNited States. This Discovery Rule in addition to **SUPER, CT, CRIM, P. RULE 7(F).**

**mooney v holohan, 294, U.S. 103, 55, S, CT. 340, 79. 1 ED 791 STATES:**
Petitioners, papers are inexpertly drawn, but they do set forth allegation that his imprisionment resulted. From perjured testimony knowingly used by the state authorities to obtain his conviction. And from the deliberate suppression by those same authorities of eviddence favorable to him. These allegetion sufficiently charge the state Superior Court, denied the defendant a fair trial due to the fact the Docter that conducted the Medical Examination on the supposed victim, proved the defendant, was innocent all along of the crime he was charged with. This is a **DEPREVATION OF RIGHTS, GUARENTEED BY THE FEDERAL CONSTITUTIONAL AND IF PROVEN WOULD ENTITLE PETITIONER, TOBE RELEASED FROM PRESENT CUSTODY.**

**KYLES V WHITLEY CITE AS 115 S,CT. 1555, ( 1995)** Individual prosecutor has duty to learn of any favorable evidence know to others acting on Government's behalf. in the case including the police, in order to avoied the **BRADY VIOLATION,** but

Whether prosecutor, succeeds or fails in meeting such obligations prosecutor's responsibility. For failing to find or disclose, know material evidence, rising to material level of importance is inescapable: **U.S.C.A. CONST, AMEND 5.14**, Prosecutor remains reponsible for duty under **BRADY TO DISCLOSE FAVORABLE** EVIDENCE TO THE DEFENDANT, **CRIMINAL LAW, KEY 700(6.7).**

(5) **UNDER BRADY V MARYLAND, 373, U.S. AT 87 83 S.CT. 1196 IT** IS CLEARLY A BRADY VIOLATION, I HAVE SUFFERED, I NOW ASK THE COURT TO GRANT MY IMMEDIATE RELEASE UNDER 2254. BECAUSE OF ALL THE EVIDENCE THE DOCTER SPOKEN ON IN MY TRIAL AND WAS NEVER FOLLOWED UP ON. THIS INFORMATION SHOULD OF EXONERATED ME ALMOST 13, YEARS AGE FOR A CRIME I NEVER COMMITED. AND THE JUDGE IN MY CASE HAD THIS evidence all along, but never acted on it because the victim was a white giral, and me being a black man. With and all white jury at trial, I never received a fair trial here in the Providence Superior Courts/

## CERTIFICATION

I Edward Eugene Young Sr, certify that a true copy have been sent to the Attorney General Office, at 150 Southminestreet in Providence R.I. 02903. On the Day Of 8/3/05.

Edward E Young Sr