TO THE RHODE ISLAND DISTRICT FEDERAL COURT

(1)

EDWRAD EUGENE YOUNG SR, ( PRO-SE)

DATE August 24 2006

V.

03 -257-T

THE STATE OF RHODE ISLAND

PETITIONER OBJECTION TO THE
STATE'S OBJECTION: FOR THE MOTION FOR
THE PETITIONER'S STATUS CONFERENCE:
THAT THE PETITIONER DID RECEIVE ON THE DATE OF
AUGUST 18 2006:

And for the reason's that is stated in the accompanying memorandum of Law, the petitioner, hereby objects to the states motion to deny, the motion for the status conference. And the petitioner, do respectfully ask this honorable Federal Court, to make the petitioners status conference motion to proceed as well as the petitioners said petition in this case.

Edward Eugene young Sr

EDWARD EUGENE YOUNG SR, PRO -SE

Maximum Security, Hope(1) p.o. box 8273
Cranston Rhode Island 02920

EDWARD EUGENE YOUNG SR, ( Pro -Se) 03 - 257 - T

V.

State Of Rhode Island

The petitioner Memorandum in the support of -the-petitioners objection to the ( States Objection) For the petitioners motion for the status conference;

And for the reasons that is set forth below in the support of the petitioner.

( ONCE AGAIN ) HERE IS THE HISTORY AND FACTS OF THE ISSUES!! IN THIS CASE:

(1) In the States Memorandum for the Objection to the petitioners status conference, their claim of statement, don't make any " SENSE AND IS WITHOUT ANY MERIT AT ALL."

The petitioner, filed a 2254 Habeas Corpus petition pursuant to 28 U.S.C. in 2003, This Honorable Federal Court, dismissed the petition without prejudice on December 16 2003. Because the state said that(the petitioner) had failed to Exhaust the petitioners state Court Remedies;

(2) In a written Decision Issued on July 1 2005, The Supreme Court, Affirmed the Superior Courts denial of the petitioners, post - conviction relief. Then the state of Rhode Island states -- that the petitioner, didnot move for reargument of the State Supreme Court Decision; " BUT " what they failed to tell the Honorable Federal Court, is that the Supreme Court

Themself's in the decision that they have made(to the petitioner) also made the statement of ( " RES JUDICATA)" for their opinion to the petitioner. The Petitioner,(is not a Lawyer) " BUT " the petitioner, do believe that once the Supreme Court, gave the opinion of this ( RES JUDICATA) On July 1 2005.

THAT IT BARS THE RELITIGATION OF ANY ISSUE THAT WAS LITIGATED OR COULD HAVE BEEN LITIGATED IN A PREVIOUS PROCEEDING, INCLUDING A DIRECT APPEAL, THAT RESULTED IN A FINAL JUDGMENT BETWEEN THE SAME PARTIES:" AND THEREFORE " THERE COULD NOT HAVE BEEN ANY KIND OF A REARGUMENT FOR THE PETITIONER, TO THAT DECISION AND / OR OPINION OF THE SUPREME COURT. AS IT IS STATED IN THE RULE OF ( " RES JUDICATA)": " BUT " THE PETITIONER DO WANT TO STATE ALSO " THAT IF THE PETITIONER IS INFACT WRONG ON THIS MATTER, THEN THE PETITIONER DO PRAY THAT THIS HONORABLE FEDERAL COURT, WILL ALSO UNDERSTAND THAT THE SAID ( PETITIONER) IS NOT A LAWYER AND DID GO WITH THE UNDERSTANDING OF THE PROCEEDING. TO THE BEST OF THE PETITIONERS KNOWLEDGE : AND THAT THE SAID PETITIONER, DID ALSO INFACT PUT IN TO THIS HONORABLE FEDERAL COURT, FOR THE APPOINTMENT OF CIVIL ATTORNEY ON DECEMBER 19 2005. SO THESE PROCEEDINGS COULD BE CORRECT WHEN COMING BEFORE YOUR HONORABLE FEDERAL COURT:

2254
(3) Habeas Corpus, act extending Federal Habeas Corpus writ to state prisoners was designed to afford trial-type proceedings in Federal Court for state prisoners Aggrieved by unconstitutional detentions. 28 U.S.C.A. § 2243.

2254
(4) IN Habeas Corpus, 45.2(2) Opportunity for redress against detention in violation of fundamental liberties of person. Safeguarded against state action by Federal Constitution, though such opportunity presupposes

Opportunity to be heard, to argue and present evidence, must never be totally foreclosed. 28 U.S.C.A. § 2243, 2254.

2254
(5) Habeas Corpus - Power of inquiry on Federal Habeas Corpus is plenary, and where applicant alleges facts which, if proved would entitle him to relief the Federal Court, to which application is made has power to receive evidence and try facts anew. 28 U.S.C.A. § 2243.

2254
(6) In Habeas Corpus-- The Federal Court, on Habeas Corpus must hold evidentiary hearing, if applicant did not receive full AND FAIR EVIDENTIARY HEARING IN STATE COURT, EITHER AT TIME OF TRIAL OR IN COLLATERAL PROCEEDINGS. 28 @* U.S.C.A. § 2243.

2254
(7) IN Habeas Corpus--- The FederaL Court, Must grant evidentiary to habeas corpus applicant, if (1) The Merits of factual dispute were not resolved in state hearing;

(8) If state factual determintion is not fairly supported by record as a whole.

(9) if fact finding procedure in state court was not adequate to afford full and fair hearing;

(10) If Meteral facts were not adequately developed at state court hearing;

(11) if there is substantial allegation of newly discovered evidence;

(12) For any reason it appears that state trier of facts did not afford applicant full and fair fact hearing. 28 U.S.C.A. § 2243

(13) 2254 Habeas Corpus-- Even where procedure employed does not violate

Constitution but if it appears tobe seriously inadequate for ascertainment of truth, it is the Federal Judge's duty on 2254 Habeas Corpus to disregard the state finding and take evidence anew. 28 U.S.C.A. § 2243.

(14) 2254 Habeas Corpus-- The duty of the Federal Court, on 2254 Habeas Corpus to try facts anew exists in every case in which the state court didnot after full hearing reliably find relevant facts. 28 U.S.C.A. § 2243.

(15) 2254 Habeas Corpus-- 85.3(1,2,) Where evidentiary hearing is required on Federal 2254 Habeas Corpus because of unresolved factual dispute, State-court record of criminal prosecution is competent evidence, and either party may choose to rely solely upon evidence there in, but petitioner and state must be given opportunity to present other testimonial and documentary evidence relevant to disputed issues. 28 U.S.C.A. § 2243.

(16) The state Claim that(the petitioner) didnot properly file(**A NEW 2254 HABEAS CORPUS PETITION)** Between July 11 2005 and July 11 2006. Is **WITHOUT ANY MERIT IN THIS CASE AND THE STATE IS BEING ( VINDICTIVE) TOWARD THE PETITIONER AND THE PETITIONERS PETITION AS WELL AS THE PETITIONERS 2254 HABEAS CORPUS: DO TO THESE FACTS BELOW !!!!!.**

(1) In October 2005, a Letter was sent to the **HONORABLE FEDERAL COURT, AND TO CHIEF JUSTICE MR ERNEST C. TORRES, ABOUT THIS CASE.** And on October 18 2005,(THE PETITIONER) received a Letter back **FROM MR CHIEF JUSTICE ERNEST C. TORRES,** Which stated at that time " It would be inappropriate for him to answer the questions posed in my " recent letter. But it was also suggested to me to file the new petition and to file a motion to proceed in forma pauperis and once

That was Done, the Honorable Federal Court, will be in a position to rule on the Petitioners Request.**WHICH WAS AND STILL IS TO COME BEFORE THE HONORABLE FEDERAL COURT, WITH THIS CASE AND NEW PETITION BY THE 2254 HABEAS CORPUS :**

(2) THE PETITIONER, Then took the Suggestion, to mind, and did infact PUT IN THE PETITIONERS (MOTION TO PROCEED IN FORMA PAUPERIS ) TO THE HONORABLE FEDERAL COURT. On August 3 2005, as well as THE NEW PETITION ITSELF WITH THE MEMORANDUM IN SUPPORT OF THE PETITION AND THE 2254 HABEAS CORPUS. **THIS IS ALSO RECORDED ON THE HONORABLE FEDERAL COURT, DOCKET TEXT SHEET, ON PAGE 3 OF 4 AS OF AUGUST 8 2005 # 13 ON DOWN THE DOCKET TEXT SHEET OF THE HONORABLE FEDERAL COURT :**

(17) " The Petitioner," had infact also put in to this Honorable Federal Court"

**( on january 24 2006, A MOTION TO DISMISS THE PETITIONERS, CASE WITH)**
**( PREJUDICE, FOR THE ATTORNEY GENERALS OFFICE, FAILURE TO COMPLY !!!)**
**( THAT IS ALSO DOCKETED IN THE HONORABLE FEDERAL COURT, AS OF THE)**
**(DATE JANUARY 27 2006.)** WHICH ALSO CLEARLY SHOW THE MOTIONS THAT WAS SENT FROM THE PETITIONER,**(TO THE ATTORNEY GENERALS OFFICE)** THAT IS ALSO DATED FROM AUGUST 8 2005, ON THROUGH AS LIKE WAS SENT TO THE **HONORABLE FEDERAL COURT :**

(18) " **AND THE PETITIONER** " ALSO WOULD WANT THIS **HONORABLE FEDERAL COURT,** TO ALSO KNOW!!! " THAT IN ALL THIS TIME " SINCE THE DATE OF(AUGUST 8 2005 ) WHEN THIS NEW PETITION, AND MOYION TO PROCEED IN FORMA PAUPERS!!!!! WAS RECORDED ON THE HONORABLE FEDERAL COURT, DOCKET TEXT. **THAT THE PETITIONER, ( HAS NOT GOT )** ANY ANSWER'S FROM THE HONORABLE FEDERAL COURT OR NOT EVEN FROM**(THE ATTORNEY GENERALS OFFICE,)** AT ALL NOT EVEN ONE PEACE OF

PAPER OR ORDER OR DECISION IN ANY WAY: FROM THE HONORABLE FEDERAL COURT AND / OR **FROM THE ATTORNEY GENERALS OFFICE, FROM AUGUST 8 2005 RIGHT THROUGH TO THE DATE OF FEBRUARY 8 2006:** WHEN THE HONORABLE FEDERAL COURT, HAD INFACT ORDERED A DECISION ON THIS NEW PETITION AND 2254 HABEAS CORPUS. DENYING ALL MOTION'S THAT THE PETITIONER, HAD PUT IN TO THIS HONORABLE FEDERAL COURT. **FROM AUGUST 8 2005 RIGHT THROUGH TO THE DATE OF JANUARY 31 2006,** AND THIS ORDER HAD CAME TO **THE PETITIONER, ON THE DATE OF FEBRUARY 13 2006. And then the petitioner, in response to this honorable federal courts order, denying the petitioners, motions did infact then put in to this honorable federal court, ( A MOTION OF RECONSIDRATION OF THE FEBRUARY 7 2006,)ORDER DENYING THE PETITIONERS MOTION'S. ON THE DATE OF FEBRUARY 14 2006, AND THIS WAS RECORDED ON THE HONORABLE FEDERAL COURT, DOCKET TEXT AS OF FEBRUARY 24 2006;** Which tell all of this that is now said at this time. " BUT " THE PETITIONER, DID NOT GET **( ANY ANSWER FROM THE CHIEF JUSTICE MR ERNEST C. TORRES ON THE MOTION FOR THE) ( RECONSIDRATION IN ANYWAY AS OF YET AND THE PETITIONER IS INFACT STILL WAITING) ( ON THE MATTER AS OF THIS DAY.)** " BUT " THE PETITIONER, DID INFACT SEND LETTER'S TO THE HONORABLE FEDERAL COURT ( CLERK OFFICE) ON MARCH 24 2006. AND ON AUGUST 10 2006, AND TO THE **CHIEF JUSTICE MR ERNEST C. TORRES, ON APRIL 26 2006 AND ON JUNE 19 2006; And got no answer back about the matter or letter's.**

**AND THIS IS WHEN THE PETITIONER, HAD PUT IN FOR THIS MOTION FOR THE STATUS CONFERCE THAT IS NOW ON THE HONORABLE FEDERAL COURT, DOCKET TEXT, NOW AS OF THE DATE OF AUGUST 15 2006;**

(19) " **AND THE PETITIONER, WANT THIS HONORABLE FEDERAL COURT, TO ALSO KNOW** " **THAT IN ALL THIS TIME OF THE(NEW PETITION) AND THE MOTIONS THE ( ATTORNEY GENERALS OFFICE) GOT THE SAME AND MADE NO REPLY BACK TO THE PETITIONER, IN ANY WAY UNTELL(THIS NO SENSE MAKING AND NO MERIT) RESPONSE OF THE STATES OBJECTION TO THE PETITIONERS MOTION**

(20) **FOR THE STATUS CONFERCE:**( Now the real fact is) that the Petitioner, would believe that **THIS HONORABLE FEDERAL COURT, WOULD HAVE THE OPINION THAT THIS PETITIONER !!(DID INFACT) PROPERLY FILE ( THE NEW PETITION) AND THE 2254 HABEAS CORPUS ( ON TIME TO THE HONORABLE FEDERAL COURT). IF ON THE HONORABLE FEDERAL COURT, OWN DOCKET TEXT SHEET. SHOW THE DATE TIME FROM AUGUST 8 2005 TO AUGUST 15 2006 OF THE PETITIONER, IN THE HONORABLE FEDERAL COURT:**

(21) The State claim ---- That the petitioners, paper's he did send and put on file during that time did not (" **RELATE BACK** ") TO THE PETITION, DISMISSED BY THIS HONORABLE FEDERAL COURT IN 2003; (" **THE STATE** ") **IS NOW DELIBERATELY TRYING ( TO MISLEAD THE HONORABLE FEDERAL COURT) IN THIS MATTER !! DO TO THESE FACTS BELOW:**

(1) On November 25 2003, Justice, David L. Martin ASKED FOR THE CASE TO BE DISMISSED " BUT " **THE FACTS WILL SHOW THAT THE NEW PETITION, THE PETITIONER, HAD PUT IN TO THIS HONORABLE FEDERAL COURT. ON AUGUST 8 2005 " DO INFACT RELATE BACK " TO THE PETITION THAT WAS DISMISSED IN 2003;**

(2) In 2003, The Petition, that was Dismissed by the honorable federal court, On Page (8) STATES THAT-- THE INSTANT PETITION LIST'S

Several grounds as bases for the claim of unlawful confinement.

( FRIST) THE PETITIONER CLAIMS,(IN ESSENCE) THAT THE PETITIONERS, CONVICTION WAS OBTAINED THROUGH A PERSISTENT PATTERN OF(PERJURED TESTIMONY) ON THE PART OF(THE VICTIM, AND BY THE PROSECUTORS LEADING OF THE WITNESSES AT THE TRIAL.)

(SECOND) THE PETITIONER, AGAIN RAISES THE ISSUE OF INFFECTIVE ASSISTANCE OF COUNSEL AT BOTH THE TRIAL AND APPELLATE LEVEL'S:

( THIRD) THE PETITIONER, ARGUES THAT HE HAS BEEN DENIED THE RIGHT TO APPEAL THE DENIAL AND DISMISSAL OF HIS P.C.R.A:

(FOURTH) THE PETITIONER,CLAIMS -- **SOMEWHAT REDUNDANTLY THAT THE(VICTIM) AND OTHER PROSECUTION WITNESSES, GAVE FALSE STATEMENT'S AT THE TRIAL AND TO THE D.C.Y.F. WORKER REGARDING WHAT HAPPENED TO THE ( VICTIM) AND WHERE THE VICTIM AND HER FAMILY WERE RESIDING(AT THE TIME OF THE ACTIVITY " WHICH LED TO THE PETITIONERS CONVICTION."**

(3) ON PAGE (9) THE PETITIONER, REFERENCE IS TO THE RHODE ISLAND SUPREME COURTS DECISION IN THE DIRECT APPEAL OF THE PETITIONERS, CONVICTION. THE PETITIONER, AVERS THAT IN THE MATTER, " THE JUSTICE'S ( SIC ) MADE THEIR OPINION ON WHAT THE PETITIONER, NOW ASK THE FEDERAL COURT TO JUDGE." THE PETITIONER, INDICATES THAT THE SUPREME COURTS OPINION DIDNOT ADDRESS DIRECTLY THE ISSUES THE PETITIONER, PRESENTS HERE. BUT ATTRIBUTES THAT CIRCUMSTANCE TO THE FAILURE OF THE PETITIONERS, APPELLATE COUNSEL TO PURSUE ALL OF THE CLAIMS THE PETITIONER, HAD IDENTIFIED :

ON PAGE ( 12) **THE PETITIONER, CLAIMS THAT THE STATE COURTS NO LONGER " NEED TO ADDRESS THIS MATTER OF ALLEGATIONS ( RAISED IN FEDERAL COURT)**

**BECAUSE THEY ALREADY HAVE FULL KNOWLEDGE OF THE CASE :**

**PETITIONERS STATEMENT --- THIS WAS THE 2003, PETITION AND WHAT WAS SAID BY THE PETITIONER, AND BY THE JUSTICE :**

(22) IT IS THE PETITIONERS, STATEMENT ALSO ---**(THAT THE STATE) HAS PUT THEIR SELF'S IN A ( INEXTRICABLE KNOT ) ON THIS CASE AND NOW IS SEEKING EVERY AND ANY WAY OUT, AND / OR ALSO TRYING TO STOP THE PETITIONERS, CASE FROM BEING HEARD IN THE HONORABLE FEDERAL COURT. BECAUSE OF THE ( " UNDISPUTING FACT'S AND STATEMENT'S OF THE GENUINE ISSUES OF THE PETITIONERS CASE THAT IS BEFORE THIS HONORABLE FEDERAL COURT;)** THAT IS DATED ON(August 5 2005)RIGHT THROUGH TO ( AUGUST 15 2006) AND AS OF THIS DATE OF(AUGUST 5 2005) ON THROUGH TO(AUGUST 15 2006) **IS INFACT IN MERIT TO THE 2003, PETITION AND OPINION OF THIS HONORABLE FEDERAL COURT : ( AND ALSO -- AS A PRO - SE PETITIONER,) THE PETITIONER, HAS THE RIGHT TO COME FORWARD WITH THE ( RHODE ISLAND SUPREME COURTS, DECISION / OR OPINION OF THE JULY 1 2005, TO THIS HONORABLE FEDERAL COURT ) WITH THE(PETITIONERS OPPOSITION TO IT );** AND(IN THE OPPOSITION) IT DO INFACT HAVE ALL THE ARGUMENT(FROM THE 2003) OPINION BY THIS HONORABLE FEDERAL COURT, AS WELL AS RIGHT UP TO THE SUPREME COURT, OPINION ON JULY 1 2005; **AND ALL ON THE SAME ARGUMENT'S(OF THIS CASE ) SINCE SEPTEMBER** 20 1996,**THAT IS ABOUT THE VICTIM, THE STATE WITNESSES AND THE PROSECUTIONER AND ALSO NOT HAVING THE PETITIONERS WITNESSES IN THE COURT:**

(23) AND " THEREFORE " WITH ALL THE EVIDENCE THAT THE **( ATTORNEY GENERALS OFFICE)** NOW HAVE OF THIS CASE, ON ( THE VICTIM AND STATE WITNESSES) AND STILL HAVE NOT RELEASE THE ( PETITIONER) FROM PRISON. **EVEN WHEN THE ( PETITIONER) HAVE PROVED THE PETITIONERS INNOCENT'S IN THIS CASE**

**( AND EVEN WHEN THE " STRONGEST PART " OF(THE PROSECUTIONER ) CASE HAVE LOST IT'S WAY IN THIS CASE TO THE POINT ( THAT THE STATE HAVE NO CASE) AND ( NO MERIT IN THIS CASE)** !!! BUT STILL THE PETITIONER,(IS IN PRISON) IT IS TRUELY **( PROSECUTION MISCONDUCT ) AND THE WOST KIND OF BRADY VIOLATION ON RECORD, WITH(THE PETITIONERS) CONSTITUTIONAL RIGHTS STILL BEING VIOLATED :**

(24) When a defendant asserts that his or her Conviction is against the Manifest weight of the evidence an ( Appellate Court) must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence ;

(25) **THAT THE TRIER OF FACT'S CLEARLY LOST IT'S WAY, AND CREATED SUCH A MENIFEST ( MISCARRIAGE OF JUSTICE) THAT THE CONVICTION MUST BE REVERSED :**

City of North Pedgeville - V- Kingsboro 2002, WL 5682 ( OHIO App,9th) Dist, Lorain County ( 2002) All Circuit's are in agreement on this Issue. COM -v- Kennedy 2001, PA.Super. 384, 2001, WL 1662, 502 ( PA. Super CT, 2001) and U.S.-v- Adams, 271, F3d 1236(10Th Cir, 2001).

(26) **( THE PROSECUTOR) MADE UP HIS OWN STORY, TO GET A CONVICTION IN THIS CASE, (WHICH IS A MISCARRIAGE OF JUSTICE IN IT SELF) PROSECUTION MISCONDUCT, PERJURY, CRIMINAL, OFFENSE'S 11-33-2 TO 11-33-6 AND FALSE SWEARING TO THE COURT : ( AND THAT IS WHY(THE ATTORNEY GENERALS OFFICE) IS BEING VERY ( VINDICTIVE) TOWARD THE PETITIONER, THE PETITIONERS PETITION AS WELL AS THE 2254 HABEAS CORPUS , THAT IS ALL THE NEW PETITION SINCE AUGUST 8 2005;**

(27) In the Federal Court, Rule's § 20.3e If The Justice would please Review it, and see the Issue's that is also under(The Townsend Category) the Court

Would see, that **(THE FEDERAL COURT) HAVE ORDERED HEARING'S FOR THE BELOW STATEMENT'S :**

(A) THE STATE FACTFINDING PROCEDURE VIOLATES THE CONSTITUTION AND IS INADEQUATE FOR THE ASCERTAINMENT OF THE TRUTH:

(B) AND IF " IT DOES NOT VIOLATE CONSTITUTUION " BUT APPEAR'S TO BE SERIOUSLY INADEQUATE FOR THE ASCERTAINMENT OF THE TRUTH:

ALSO ----- (C) (E) (N) (P) (Q)

(T) **WHEN THE ( PROSECUTOR) WITHHELD OR MISREPRESENTED OR THE(TRIAL JUDGE) EXCLUDED CRITICAL FACT'S AT THE STATE COURT HEARING :**

(U) **WHEN(THE STATE)PRESENTED FALSE, MISLEADING, OR INCOMPLETE TESTIMONY AT THE STATE COURT HEARING :**

ALSO ----- (X) (F):

And for these reason's that is above,(The Petitioner) Do ask this Honorable Federal Court, to **HONOR THE PETITIONERS MOTION'S IN FULL AND THE NEW PETITION AS WELL AS THE PETITIONERS 2254 HABEAS CORPUS :**

CERTIFICATION

I EDWARD EUGENE YOUNG SR, DO CERTIFY THAT A TRUE COPY HAVE WENT TO THE ATTORNEY GENERAL OFFICE THAT IS AT 150 SOUTH MAIN STREET, PROVIDENCE ON THE DATE OF august 24 2006 As well as to the Federal Court;

Edward Eugene young Sr

EDWARD EUGENE YOUNG SR, ( PRO-SE)