UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG, SR., Petitioner, | : | |
| v. | : | CA 03-257 T |
| STATE OF RHODE ISLAND, ASHBEL T. WALL, Respondents. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**
**AND MOTION FOR STATUS CONFERENCE**

Before the Court are two motions filed by pro se Petitioner Edward Eugene Young, Sr. ("Petitioner"): 1) Motion for the Reconsideration of the February 7[,] 2006[,] Order of Denying the Motion's [sic]: by the Chief Judge, Ernest C. Torres (Document ("Doc.") #22) ("Motion for Reconsideration") filed on or about February 23, 2006; and 2) Motion for Status Conference (Doc. #23) filed on or about August 14, 2006. The State of Rhode Island (the "State") has filed an objection to the latter motion. See State's Objection to Motion for Status Conference (Doc. #24) ("State's Objection").

The Motion for Reconsideration and Motion for Status Conference have been referred to this Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1] and Fed. R.

[1] Section 636 provides, in relevant part, that:

(b)(1) Notwithstanding any provision of law to the contrary--

(A) A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under

Civ. P. 72(a).[2] The Court has determined that no hearing is necessary. For the reasons stated herein, the Motion for Reconsideration and Motion for Status Conference are DENIED.

**Background**

On or about June 23, 2003, Petitioner filed a Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #1) ("Petition").[3] The State of Rhode Island (the "State") was subsequently directed to respond to the Petition, and on August 26, 2003, the State's Motion to Dismiss for Lack of Exhaustion of Remedies (Doc. #5) ("State's Motion to Dismiss") was filed. Petitioner on September 26, 2003, filed an objection

---

> this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> ....

28 U.S.C. § 636(b)(1).

[2] Rule 72(a) provides that:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a); see also District of Rhode Island Local Rule Civil ("DRI LR Cv") 72(c)(1), (2) (noting time for such appeal and content thereof).

[3] The events which preceded the filing of the Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document ("Doc.") #1) ("Petition") on or about June 23, 2003, are summarized in the Report and Recommendation issued by this Magistrate Judge on November 25, 2003 (Doc. #9) ("Report and Recommendation of 11/25/03"). See Report and Recommendation of 11/25/03 at 1-8.

to the State's Motion to Dismiss. See Petitioner['s] Motion to Proceed (Doc. #8) (filed in response to State's Motion to Dismiss) ("Objection").

This Magistrate Judge on November 25, 2003, issued a Report and Recommendation (Doc. #9) ("Report and Recommendation of 11/25/03"), recommending that the Petition be dismissed without prejudice for lack of exhaustion of state court remedies. See Report and Recommendation of 11/25/03 at 1. Petitioner did not file an objection to the Report and Recommendation of 11/25/03, and on December 16, 2003, Chief Judge Ernest C. Torres issued orders accepting the Report and Recommendation of 11/25/03 in the absence of objection and dismissing the Petition without prejudice. See Order dated December 16, 2003 (Doc. #11) ("Order of 12/16/03"); Order Granting Motion to Dismiss Application for Writ of Habeas Corpus (Doc. #12) ("Order Granting Motion to Dismiss"); see also Docket. The case was closed on January 9, 2004. See Docket.

On or about August 8, 2005, Petitioner filed a document entitled Motion to Proceed in the 2254 Federal Court[4] (Doc. #13) ("Motion to Proceed") and a Motion to Grant 2254 for writ of Habeas Corpus[5] (Doc. #14) ("Motion to Grant 2254"), with attachments and exhibits, in CA 03-257 T, which, as noted above, had been closed on January 9, 2004. Petitioner related that he had exhausted his state court remedies and wished to proceed in federal court. See Motion to Proceed at 2; see also Young v. State, 877 A.2d 625 (R.I. 2005). Thereafter, Petitioner filed, in CA 03-257 T, a series of motions: Motion to Vacate Judgment

[4] The "Motion to Proceed in the 2254 Federal Court" (Doc. #13) ("Motion to Proceed") was terminated on January 27, 2006, see Docket, presumably because it had been filed in a closed case.

[5] The Motion to Grant 2254 for writ of H[a]beas Corpus (Doc. #14) ("Motion to Grant 2254") was docketed as a memorandum in support of his original Petition (Doc. #1). See Docket.

and Ex[pu]nge Record (Doc. #15) ("Motion to Vacate Judgment"); Motion for Summary Judgment, General Laws, under[] Rule 56 (A) (C) (E) and under also 12.1 (A) (D) of the Federal Rules of the Civil Procedure (Doc. #16) ("Motion for Summary Judgment"); Motion for Injunctive Relief and Motion for a Declaratory Judgment Rule (57) (Doc. #17) ("Motion for Declaratory Judgment"); Motion for Appointment of Civil Attorney (Doc. #18) ("Motion for Civil Attorney"); Motion to Dismiss Case with Prejudice: Prosecution Failure to Comply, and to State a Claim upon Which Relief Can be Granted[] (Doc. #19) ("First Motion to Dismiss"); and an identical Motion to Dismiss Case with Prejudice: Prosecution Failure to Comply, and to State a Claim upon Which Relief Can be Granted[] (Doc. #20) ("Second Motion to Dismiss") (collectively "Motions to Dismiss"). The Motion to Vacate Judgment, Motion for Summary Judgment, Motion for Declaratory Judgment, Motion for Civil Attorney, and Motions to Dismiss were all denied by Chief Judge Torres on February 7, 2006, see Order Denying Motions (Doc. #21), because "they were filed in a case that was closed on January 9, 2004 ...," id.

On or about February 23, 2006, Petitioner filed the instant Motion for Reconsideration (Doc. #22). See Docket. He filed the Motion for Status Conference (Doc. #22) on or about August 14, 2006. See id. The next day, the State's Objection to Motion for Status Conference (Doc. #24) ("State's Objection") was filed. See id. Thereafter, the Motion for Reconsideration and Motion for Status Conference were referred to this Magistrate Judge. See id. Petitioner on August 28, 2006, filed a response to the State's Objection. See Petitioner['s] Objection to the State's Objection: for the Motion for the Petitioner's Status Conference: That the Petitioner Did Receive on the Date of August 18[,] 2006[] (Doc. #25) ("Petitioner's Response"); see also Docket.

**Discussion**

Petitioner argues that there "has been a big misunderstand-

ing between [the] Federal Court and myself," Memorandum in Support of Motion to Reconsider February 7[,] 2006[,] order by [C]hief [J]udge[] ("Petitioner's Mem. Re Reconsideration") at 2,[6] because the documents he filed on or about August 8, 2005, constitute his "new petition," id. at 3, even though he filed them under the old case number, see id. at 2. The State counters that:

> Petitioner did not properly file a new habeas petition between July 11, 2005, and July 11, 2006. The papers he did file during this time did not 'relate back' to the petition dismissed in 2003, because there was nothing to relate back to. Meanwhile, the one-year statute of limitations expired on July 11, 2006.[7]

---

[6] The first page of Petitioner's Memorandum in Support of Motion to Reconsider February 7[,] 2006[,] order by [C]hief [J]udge[] ("Petitioner's Mem. Re Reconsideration") is numbered page 2. In order to avoid confusion, the Court follows Petitioner's numbering.

[7] The Court does not necessarily agree with the State's computation of the limitations period for the filing of Petitioner's new habeas petition. According to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's direct appeal was decided by the Rhode Island Supreme Court on January 11, 2000. See State v. Young, 743 A.2d 1032 (R.I. 2000). Giving Petitioner the benefit of the ninety-day period in which to seek certiorari review by the United States Supreme Court, see Donovan v. Maine, 276 F.3d 87, 89 (1st Cir.

> Because there is no habeas action currently pending, and because none can now be filed, [P]etitioner's motion for status conference should be denied.

State's Memorandum in Support of Its Objection to Motion for Status Conference ("State's Mem. Re Objection") at 2 (internal citations omitted).

The "misunderstanding," Petitioner's Mem. Re Reconsideration at 2, to which Petitioner refers stems from the fact that Petitioner failed to file a new petition with this Court after he exhausted his state remedies. Petitioner first wrote to Chief Judge Torres on July 3, 2005, two days after the Rhode Island Supreme Court affirmed the denial of Petitioner's post-conviction

---

2002)(citing 28 U.S.C. § 2101(c)), Petitioner's statute of limitations began to accrue on the day after this grace period ended, see id., or on April 11, 2000. Prior to Petitioner's filing of his post-conviction relief application ("PCRA") in state Superior Court on August 18, 2000, see State's Memorandum in Support of Its Motion to Dismiss for Lack of Exhaustion of Remedies (filed in support of State's Motion to Dismiss for Lack of Exhaustion of Remedies (Doc. #5)), Attachment ("Att.") 1 (Superior Court Docket for case number PM2000 4625) at 1; see also Report and Recommendation of 11/25/03 at 2, 129 days elapsed. The period of limitation was tolled during the pendency of Petitioner's PCRA. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); see also Donovan, 276 F.3d at 89 ("The court ... stopped the accrual process as of ... the date on which the petitioner filed for state post-conviction relief."). The Rhode Island Supreme Court affirmed the Superior Court's denial of Petitioner's PCRA on July 1, 2005. See Young v. State, 877 A.2d 625 (R.I. 2005). Petitioner had ten days in which to seek reargument. See R.I. S.Ct. R. App. 25(a) ("Petitions for reargument of causes heard and decided, including those petitions requesting reargument before the full court because this Court has evenly divided in an opinion, shall be filed within ten (10) days after filing of the decision."); see also State's Memorandum in Support of Its Objection to Motion for Status Conference ("State's Mem. Re Obj.") at 1. Thus, the Rhode Island Supreme Court's decision became final on July 11, 2005, see State's Mem. Re Obj. at 1, and the limitations period began to accrue again on July 12, 2005, leaving Petitioner 236 days in which to file a petition. The one-year limitations period expired, by the Court's calculation, on March 4, 2006. The difference in dates, however, does not affect the Court's resolution of the instant motions.

relief application, see Young v. State, 877 A.2d 625 (R.I. 2005), asking whether CA 03-257 T could be reopened so that he did not have to pay another filing fee, see Letter from Petitioner to Torres, C.J., of 7/3/05 at 3. On August 8, 2005, Petitioner filed the Motion to Proceed and Motion to Grant 2254. See Docket. Chief Judge Torres responded to Petitioner's letter on October 18, 2005, stating that:

> It would be inappropriate for me to answer the questions posed in your recent letter. I suggest that you file the petition if you believe that it is justified and that you, at the same time, file a motion to proceed in forma pauperis.
> Once that is done, this Court will be in a position to rule on your requests.

Letter from Torres, C.J., to Petitioner of 10/18/05 ("10/18/05 Letter").

Thereafter, Petitioner wrote several more letters to Chief Judge Torres and to the Clerk of Court, inquiring about the status of his case. See Letter from Petitioner to Torres, C.J., of 11/14/05; Letter from Petitioner to Clerk of 11/14/05; Letter from Petitioner to Clerk of 12/7/05; Letter from Petitioner to Torres, C.J., and Clerk of 1/10/06. In these letters Petitioner asserted that he had already done what Chief Judge Torres had suggested in the 10/18/05 Letter by filing the Motion to Proceed and the Motion to Grant 2254 on August 3, 2005.[8] See Letter from Petitioner to Torres, C.J., of 11/14/05 at 1 ("even befor[e] you did respon[d] to me I had already done what you said in your letter to me ... I have put in to your court (two motions) on the date of August 3, 2005: one for (pro se) to grant 2254 for writ of h[a]beas corpus and one to proceed in the federal court

[8] The Court received these motions on August 8, 2005. See Docket.

. . .");[9] see also Letter from Petitioner to Clerk of 11/14/05 at 1 ("I had already put in to this court just what I was told to do in this letter. I have put in to this court on (August 3[,] 2005) a motion to grant 2254 for writ of h[a]beas corpus (pro se) under the same # C.A. 03-257-T and also a motion to proceed in the federal court on this same date with the same number . . ."); Letter from Petitioner to Clerk of 12/7/05 (noting again that he had filed the two motions on August 3, 2005, "both under the same case # of 03-257-T, that the case was started from so the Court would know that this is not a new case in the Court system . . ."); Letter from Petitioner to Torres, C.J., and Clerk of 1/10/06 at 2 (noting that the 10/18/05 Letter "state[d] in it what I myself had already done to get back into your court, back on the date of 8/3/05 under the same number of the case 03-257-T that was given to me by your court . . ."). On January 31, 2006, Chief Judge Torres sent Petitioner a response identical to the 10/18/05 Letter. See Letter from Torres, C.J., to Petitioner of 1/31/06 ("1/31/06 Letter").

Although Petitioner contends that he had already done what he had been told to do, see Letter from Petitioner to Torres, C.J., of 11/14/05 at 1; Letter from Petitioner to Clerk of 11/14/05 at 1; Letter from Petitioner to Clerk of 12/7/05; Letter from Petitioner to Torres, C.J., and Clerk of 1/10/06 at 2, at no time did he file a new action with this Court. The documents Petitioner filed on or about August 8, 2005, namely the Motion to Proceed and the Motion to Grant 2254, cannot be considered a "new petition," Petitioner's Mem. Re Reconsideration at 3, as he now contends, because he filed them under the case number of a case which had been closed on January 9, 2004, see Docket. Indeed, Petitioner's initial letter to the Court indicates he was aware

[9] Petitioner's nonstandard capitalization and punctuation have been eliminated.

that CA 03-257 T was a closed case. See Letter from Petitioner to Torres, C.J., of 7/3/05 at 3 ("can I reopen my case in [the] federal court with that same case # 03-257-T"). Subsequently, after the filing of the Motion to Proceed and the Motion to Grant 2254, Chief Judge Torres suggested that Petitioner "file the petition if you believe that it is justified and that you, at the same time, file a motion to proceed in forma pauperis." 10/18/05 Letter.

If Petitioner was still confused regarding what he was to do after receiving the 10/18/05 Letter, he should have been clear after having a lawyer call the Court for him and being informed by a deputy clerk that his "case was closed and would not be opened again by [the] Court ...." Letter from Petitioner to Torres, C.J., of 11/14/05 at 1; see also Letter from Petitioner to Clerk of 11/14/05 at 1-2. Petitioner's letters, therefore, reflect that Petitioner was aware CA 03-257 T was a closed case. See id. Despite having been told that his case would not be reopened, Petitioner nonetheless sent two more letters to the Court asking what was happening with CA 03-257 T, see Letter from Petitioner to Clerk of 12/7/05; Letter from Petitioner to Torres, C.J., and Clerk of 1/10/06. Yet again Chief Judge Torres suggested that Petitioner file a petition along with a motion to proceed in forma pauperis. See 1/31/06 Letter.

If any doubt remained in Petitioner's mind as to how to proceed, that doubt should have been dispelled when on February 7, 2006, his motions were denied because "they were filed in a case that was closed on January 9, 2004 ...," Order Denying Motions. Petitioner admits as much in his memorandum in support of the Motion for Reconsideration: "I thought that [the] Federal Court reopened my case under the same case # 03-257-T .... But I now take it that I was wrong about this, when getting [the] order denying the motion's [sic] and saying that its [sic] a closed case ...." Petitioner's Mem. Re Reconsideration at 3.

Thus, Petitioner had received no less than four communications, three written and one oral, from the Court prior to the running of the limitations period for filing a new petition. Petitioner still did not file a new action. Instead, he filed the Instant Motion for Reconsideration, and, when he received no response from the Court, sent three more letters to the Court, see Letter from Petitioner to Clerk of 3/24/06; Letter from Petitioner to Torres, C.J., of 4/26/06; Letter from Petitioner to Torres, C.J., of 6/19/06. Finally, on or about August 14, 2006, Petitioner filed the instant Motion for Status Conference. In the meantime, the one-year limitations period for the filing of his petition ran on March 4, 2006.[10]

The Court of Appeals for the First Circuit has stated that "'a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law,' but is not appropriate as a 'vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion.'" Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006)(quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)) (alterations in original). Grounds warranting granting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete, 204 F.3d at 1012. Petitioner has not argued that any of the above factors apply.

Petitioner implies that the Court should excuse his failure to file a new action because he "is not a lawyer ...." Petitioner's Response at 3. Although it is true that the Court holds Petitioner's pleadings "to a less stringent standard than

---

[10] See n.7.

formal pleadings drafted by a lawyer ...," Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), due to his pro se status, see id., this status does not excuse his failure to follow rules of substantive and procedural law, see Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)("While courts have historically loosened the reins for pro se parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.")(internal citations and quotation marks omitted); see also McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000)(noting that "we do not mean to intimate that pro se parties are excused from compliance with procedural rules (they are not)")(internal citation omitted); cf. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("In the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law."). "While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction." Delaney, 264 F.3d at 15.

The Court concludes that no grounds exist which would allow it to grant the Motion for Reconsideration. There has been no change in the controlling law, no new evidence has been presented, and any mistakes made were Petitioner's, not the Court's. See Platten v. HG Bermuda Exempted Ltd., 437 F.3d at 139; Servants of the Paraclete, 2004 F.3d at 1012. In short, nothing has changed since Petitioner erroneously filed his motions in a closed case. See id. Accordingly, the Motion for Reconsideration is hereby DENIED.

As for the Motion for Status Conference, the Court agrees with the State that "[b]ecause there is no habeas action currently pending, and because none can now be filed, [P]etitioner's motion for status conference should be denied." State's Mem. Re Objection at 2. Moreover, the State is correct that the documents Petitioner filed in CA 03-257 T subsequent to January 9, 2004, cannot "'relate back' to the petition dismissed in 2003, because there was nothing to relate back to." Id.; see also Neverson v. Bissonnette, 261 F.3d 120, 126 (1st Cir. 2001) ("In short, there was nothing to which Petition No. 2 could relate back."); Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)("[A] § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.")(quoting Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000)). "Absent a specific savings clause ... a dismissal without prejudice leaves a habeas petitioner who asserts a 'relation-back' claim-like any other plaintiff in a civil action-in the same situation as if his first suit had never been filed." Neverson, 261 F.3d at 126 (citing Nat'l R.R. Passenger Corp. v. Int'l Assn. of Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990)(noting that effect of dismissal without prejudice "is to render the proceedings a nullity and leave the parties as if the action had never been brought")). Accordingly, the Motion for Status Conference is also DENIED.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 14, 2006

BY ORDER:

Deputy Clerk