CA 03-257
J. Torres

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 07-1615

EDWARD EUGENE YOUNG, SR.,

Petitioner, Appellant,

v.

STATE OF RHODE ISLAND, ET AL.,

Respondents, Appellees.

Before

Torruella, Lipez and Howard,
Circuit Judges.

JUDGMENT

Entered: January 7, 2008

Pro se habeas petitioner Edward Young has applied for a certificate of appealability (COA) to appeal two district court orders dated February 23, 2007, which, for procedural reasons, effectively bar him from ever seeking habeas relief. For reasons given below, we grant a COA, vacate the district court's orders, and remand for additional proceedings.

We begin with a brief synopsis of the district court proceedings. On August 8, 2005, well before expiration of the one-year AEDPA limitations period under 28 U.S.C. § 2244(b)(1), Young filed motions in district court that were captioned with the case number of a previously closed habeas case of his (No. D.R.I. 03-257). In his motions, Young reminded the court that, in the previous case, it had dismissed his habeas petition without prejudice for lack of exhaustion. He advised that he had exhausted his state court remedies, as the court had ordered him to do, and that he now wished to proceed on his original habeas petition; he also described and argued his habeas claims. Young later filed additional motions seeking favorable rulings on his habeas claims,

again using his old case caption. Eventually, the district court terminated or denied Young's motions because he had filed them in his closed case, and Young moved for reconsideration. During the pendency of his reconsideration motion, the limitations period under AEDPA expired. A magistrate judge then denied Young's reconsideration motion, declining to treat him leniently given his pro se status, even though the limitations period had expired and Young had no pending habeas petition. On the basis of certain communications by the court, the magistrate judge concluded that Young had known that he should file a "new action" and that the court would not reopen his closed case. Young appealed the magistrate judge's decision to the district court and also asked the court to amend the caption on his August 8, 2005 motions so as to treat them as initiating a timely new habeas action. In its February 23, 2007 orders, the district court denied Young's appeal and motion to amend, essentially agreeing with the magistrate judge's reasoning.

On October 26, 2007, we issued a show cause order, concluding that Young's August 8, 2005 motions had alleged "colorable" constitutional claims and that the record suggested a basis for questioning the validity of the court's procedural rulings. We directed the state habeas respondent to show cause why the COA should not be granted, the district court's orders vacated, and the matter remanded so a new habeas case could be opened based on Young's August 8, 2005 motions. The state has now responded, and Young has filed a reply.

Among other things, the state contends that Young received "precise" instructions from the district court on how to proceed, so that he should not be treated leniently based on his pro se status. Our review of the record and other materials before us,[1] however, indicate that, from Young's perspective, there were ambiguities in the court's instructions, a matter that the district court itself did not fully appreciate when it rejected Young's claims for relief. The court had told Young to file a "petition," but it did not state he should file a "new action," or refile his motions or original petition without using the old case number, so that a new case would be opened. For his part, Young believed that by filing his August 8, 2005 motions, he had, in effect, filed his habeas petition or the "new" petition required by the court; thus, he thought he had complied with the court's instructions, as he

[1]In part, we rely on undocketed letters between Young and the court that Young has submitted, which were also mentioned and discussed by the magistrate judge.

advised the court,[2] and he did not realize until it was too late that he should stop using the old case number. Furthermore, Young misconstrued the court's refusal to reopen his case as signifying that he could not proceed *at all* on his habeas claims. Believing this to be erroneous because his prior petition had been dismissed without prejudice, he wrote to the court on November 15, 2005, asking it to clarify the situation, but the court did not respond. Subsequently, the court continued to docket Young's motions and to set response deadlines for the state, which Young thought meant that the court was proceeding on his motions.

The state also contends that crediting Young's claim that he was confused about the situation will have a detrimental effect in future habeas cases by encouraging other inmates to allege a similar confusion. The state is concerned that district courts, wishing to avoid collateral litigation on such allegations, may feel compelled to set aside important procedural rules like the AEDPA limitations period. In principle, the state may have a legitimate concern, but its fears are not justified in this instance. Overall, Young was a diligent pro se litigant, who deserved the benefit of the doubt. After exhausting his habeas claims, he promptly and timely returned to the district court, filing motions that clearly identified his habeas claims and expressed his desire to pursue them. His August 8, 2005 motions could have been treated as initiating a timely new habeas case, without any undermining at all of the purposes behind the limitations period.[3] Young promptly responded to the court's communications, clearly stating the extent to which he believed his filings complied with its instructions, and also asking the court, unsuccessfully, to clarify his remaining points of confusion. We do not think that granting a COA in this case will allow undeserving pro se habeas petitioners to obtain some unfair litigation advantage in the future.

<u>We grant a COA, vacate the district court's February 23, 2007 orders, and remand with the direction that the district court treat</u>

---

[2]Young so advised the court several times before the limitations period expired: in letters he wrote dated November 14, 2005 and January 10, 2006, in motions he filed in December 2005, and in his February 2006 motion seeking reconsideration of the court's denial of his motions.

[3]In fact, because of the brevity of the limitations period, district court clerks must docket and file--so as to initiate new habeas cases that will be deemed timely--even formally deficient pro se filings that seek habeas relief. <u>See</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule 2, 2004 Adv. Comm. notes, and Rule 3(b).

the petitioner's August 8, 2005 motions nunc pro tunc as initiating a new habeas action and that the court thereafter undertake such proceedings in such case as it deems appropriate.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

[signature]

**Deputy Clerk**

**Date:** JAN 28 2008

[Cert. cc: Hon. Ernest C. Torres and David A. DiMarzio, Clerk, U.S.D.C. of Rhode Island, cc: Mr. Young and Ms. Zurier]