**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD E. YOUNG, Sr.,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 03-257 T** |
| | : | |
| **STATE OF RHODE ISLAND, et al.** | : | |
| **Respondent** | : | |

**STATE'S RESPONSE TO PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing § 2254 Cases, and as directed by this Court's Order of January 29, 2008, the Attorney General of the State of Rhode Island (the "State") files this Response to two motions intended to serve collectively as petitioner Edward Young, Sr.'s ("petitioner" or "Young") petition for writ of habeas corpus. The State notes for the record that the copies of the habeas motions served on it by the Court was not signed under pains and penalties of perjury, as required by Rule 2(c)(5), Rules Governing § 2254 Cases, and are therefore technically deficient. *See* de Aza-Paez v. United States, 343 F.3d 552, 553 (1st Cir. 2003).

In any case, Section I of the State's Response addresses the various housekeeping issues raised by Rule 5, Rules Governing § 2254 Cases. Section II of the State's Response notes the factual background of the case, and Section III responds to petitioner's allegations by demonstrating that the petition should be denied with prejudice as to all claims, and that an evidentiary hearing is not required.

## I. HOUSEKEEPING MATTERS RAISED BY RULE 5 OF THE RULES GOVERNING § 2254 CASES

### A. Exhaustion—Rule 5(b), Rules Governing § 2254 Cases

As is detailed below in Section III, petitioner's claims are either fully exhausted, or procedurally barred because at this point petitioner can no longer exhaust them in state court. Assuming he cures his technical deficiency, *see* de Aza-Paez, 343 F.3d at 553, and per the First Circuit's judgment of January 7, 2008, the petition is timely filed.

### B. Availability of Transcripts—Rule 5(c), Rules Governing § 2254 Cases

The State has attached as exhibits to this response any transcript pages cited herein, as well as copies of other relevant materials cited (except for the motions constituting the habeas petition). The materials relied upon are cited by appendix tab (e.g., "State's Appendix, Tab 2"). The State has determined that the original trial transcript is in the state records center in Pawtucket, and the State has obtained a copy of it. Should the Court wish to review the entire transcript or a portion thereof, the State will provide copies of such materials as directed by the Court; however, the State notes that a court order will be necessary in order for the State to withdraw the transcript for purposes of photocopying, if the Court is unwilling to accept the copy the State has already obtained. To the extent the Court wishes to review other materials, the State would endeavor to provide copies to the Court as promptly as possible, as long as the superior court file is available.

### C. Appellate Briefs – Rule 5(d), Rules Governing § 2254 Cases

As required by Rule 5(d)(1)-(2), Rules Governing § 2254 Cases, the State is submitting with this Response a copy of the appellate brief petitioner's counsel filed in the state supreme court during the course of his direct appeal. (State's Appendix, Tab 1.)

The State also attaches copies of the relevant memoranda filed by petitioner in the post-conviction relief appeal.[1] (State's Appendix, Tabs 2, 3, and 4.) Finally, the State is attaching copies of its own brief in the direct appeal and its memoranda in the post-conviction appellate proceeding. (State's Appendix, Tabs 5, 6, and 7.) Pursuant to this Court's Administrative Procedures for Electronic Case Filing, *see* AP 4(b)(1)(C), the State has submitted a copy of the State's Appendix to the Court in hard copy (rather than as a PDF file) contemporaneously with the electronic filing of this Response to Habeas.

### D. State Court Opinions—Rule 5(d)(3), Rules Governing § 2254 Cases

As required by Rule 5(d)(3), the State is submitting with this Response a copy of the following opinions of the Rhode Island Supreme Court: State v. Young, 743 A.2d 1032 (R.I. 2000)[hereinafter cited as "Young I"](State's Appendix, Tab 12); and Young v. State, 877 A.2d 625 (R.I. 2005) [hereinafter cited as "Young II"] (State's Appendix, Tab 13).

## II. THE STATE COURT DECISION – FACTUAL BACKGROUND

On September 20, 1996, a Rhode Island superior court jury convicted petitioner of three counts of first-degree child molestation sexual assault. He is currently serving three concurrent sentences of forty-five years, twenty to serve, the balance on each suspended with probation. Young I, 743 A.2d at 1033. On January 11, 2000, petitioner's

[1] These include documents entitled "Motion for the Pre-Briefing" (received by the State on Dec. 15, 2003 (State's Appendix, Tab 2); "Motion for Procedure-Evidence-Order 10-9.1-7 Post Conviction Remedy, [etc.]", dated Oct. 15, 2004 (State's Appendix, Tab 3); and a handwritten and undated document entitled "Petitioner's Response to the State's Supplemental Prebriefing Statements (postmarked Nov. 10, 2004) (State's Appendix, Tab 4). Because the rules do not require it, and because petitioner has already filed numerous copies of his state court filings with this Court, the State has not included petitioner's supporting attachments in the State's Appendix; however, the State can provide the Court with further documentation upon request.

convictions were affirmed in all respects by the Rhode Island Supreme Court. Young I, *supra*. The facts underlying petitioner's convictions are set forth in Young I, 743 A.2d at 1033-34, and are reproduced below in abbreviated form for the Court's convenience:

> In June 1993 Karen Smith [a pseudonym], then twelve years old, lived in Providence, Rhode Island, with her mother, Joyce Smith (Joyce), her three siblings, her uncle, Roland, and his two children. The defendant was a friend of the family. Karen saw him almost every day. Karen would help defendant run errands for her mother. One afternoon Karen and defendant went to buy diapers for Karen's mother. After doing so, defendant brought Karen to his apartment instead of returning to Karen's home. He told her that he had to unchain his dog.
>
> Upon arriving at the apartment, defendant went into his bedroom. He called for Karen to come into the bedroom. He told her to take her clothes off. She refused to do so. The defendant continued to tell Karen to remove her clothing. She began to cry, and eventually took her clothes off. The defendant told Karen to sit on the bed. He then pushed Karen so that she was lying down on the bed, pulled down his own pants, and engaged in vaginal intercourse with Karen. Afterwards defendant warned Karen not to tell anyone about what had happened. He threatened to hurt someone if she did. She believed that he was referring to her grandmother, who was in the hospital at the time.
>
> Karen testified at trial that from the time of the first incident in June and until July 1, 1993, she engaged in similar acts with defendant approximately twenty-one times. She stated that she did not tell anyone about these acts because she was frightened. However, she did eventually confide in her uncle's wife, Brenda, and then her mother, upon learning that defendant was incarcerated at the ACI on another matter.

Young I, 743 A.2d at 1033-34 (footnote omitted).

## III. <u>PETITIONER'S HABEAS PETITION SHOULD BE DENIED BECAUSE PETITIONER'S CLAIMS ARE EITHER PROCEDURALLY BARRED OR FATALLY FLAWED ON THE MERITS</u>

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming, *inter alia*, that the Rhode Island state courts violated a variety of his federal constitutional rights. In particular, petitioner has filed two related motions, each dated August 3, 2005 and docketed on August 8, 2005, that he apparently expects to serve in lieu of the formal habeas corpus petition required by the Rules Governing § 2254 Petitions. The first of these documents, entitled *Motion to Proceed in the 2254 Federal Court* [hereinafter cited as "*Motion to Proceed*"], appears to reiterate claims made in either the direct or collateral proceedings in the Rhode Island state courts. The second document, entitled *Motion to Grant 2254 for Writ of Hebeas [sic] Corpus* [hereinafter cited as "*Motion to Grant*"], appears to raise new claims never made in the state courts. With respect to both documents, some of the claims are procedurally barred, and in any event all of them are frivolous. After reviewing some relevant legal principles, the State will briefly address each claim in turn, commencing with the numerous claims made in the *Motion to Proceed*.

### A. <u>Applicable Legal Principles</u>

First, one of the most basic tenets of habeas corpus jurisprudence is that, before a federal court may consider a state petitioner's claim, the petitioner must demonstrate that he has "fairly presented" the federal constitutional question at every level of the state court proceeding. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-45 (1999); <u>Cristin v. Brennan</u>, 281 F.3d 404, 410 (3d Cir. 2002). This also means that petitioner has to present the same legal theory ***and*** the same

factual basis for the claim to both the state and federal courts. *See, e.g.*, Thomas v. Gibson, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000); Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); Adelson v. DiPaolo, 131 F.3d 259, 262-63 (1st Cir. 1997). If, however, petitioner has exhausted his state court remedies without fairly presenting his federal claims to the state courts, he is procedurally barred from pursuing those claims in a federal habeas proceeding. Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Coleman v. Thompson, 501 U.S. 722, 730-32 (1991); Cristin v. Brennan, 281 F.3d at 409-10.[2] As the State will establish below, some of petitioner's claims are procedurally barred based on the foregoing principles.

Second, when this Court engages in review of the merits of a habeas claim, under the deferential standards of review applicable in habeas cases and absent clear and convincing evidence to the contrary, it is the state court's version of the facts that must control this Court's resolution of the legal issues petitioner has raised. Sanna v. DiPaolo, 265 F.3d 1, 7, 10-11 (1st Cir. 2001); Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002); Slaughter v. Parker, 450 F.3d 224, 232 (6th Cir. 2006), *cert. denied sub nom.* Leonard v. Simpson, 127 S.Ct. 2914 (2007). This is particularly true with respect to the state court's assessments concerning witness credibility. Sanna, 265 F.3d at 10-11.

[2] An exception to this rule exists if petitioner can demonstrate cause for his procedural default and actual prejudice resulting from the federal constitutional violation. Cristin, 281 F.3d at 412. To show cause and prejudice, petitioner must establish some objective factor external to the defense that prevented him from complying with the state's procedural requirements. Coleman, 501 U.S. at 752-54. Petitioner in this case has failed to overcome the cause-and-prejudice hurdle with respect to any of his procedurally barred claims.

Third, when assessing the legal analysis of the Rhode Island Supreme Coort, this Court must apply the standards dictated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As the First Circuit has explained:

> Under the AEDPA, a federal court may grant a habeas petition if it finds that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1).
>
> Under the "contrary to" prong of 28 U.S.C. § 2254(d)(1), the petition may be granted if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." . . . Under the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1), the petition may be granted if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." . . . To be an unreasonable application of governing law, the state court's determination must not only be incorrect but also be objectively unreasonable . . . . In other words, if the petition presents a close call, it must be rejected, even if the state court was wrong.

Horton v. Allen, 370 F.3d 75, 79-80 (1st Cir. 2004)(citations to Williams v. Taylor, 529 U.S. 362 (2000), and related cases, omitted). Thus, even if this Court disagrees with the Rhode Island Supreme Court's analysis, that alone would not demonstrate the objective unreasonableness of the state court's holding required to grant habeas relief. Evenstad v. Carlson , 470 F.3d 777, 782 (8th Cir. 2006); Sanna v. DiPaolo, 265 F.3d at 13.

**B. Motion to Proceed**

**1. *Motion to Proceed: Claims # 1 and # 2***

The first two claims discussed in the *Motion to Proceed* concern the alleged ineffective assistance of petitioner's trial counsel and appellate counsel. *Motion to Proceed*, pp. 2-3. Specifically, petitioner alleges that trial counsel was ineffective for failing to present the testimony of two witnesses (a social worker and a police officer), and that appellate counsel was ineffective for failing to raise the trial counsel's failure to

present these witnesses and also for failing to raise the trial justice's denial of petitioner's motion for new trial as issues on direct appeal. *Motion to Proceed*, pp. 2-3.

Petitioner raised both of the ineffectiveness claims in his post-conviction relief action, and the state supreme court rejected both of them. Young II, 877 A.2d at 629-30. The state supreme court applied the correct federal standard found in Strickland v. Washington, 466 U.S. 668 (1984), *see* Young II, 877 A.2d at 629. As to trial counsel's alleged ineffectiveness, it held that the contradictory evidence that would have been presented by the two "missing" witnesses was presented to the jury anyway via the victim's own testimony,[3] and that trial counsel's decision not to present the social worker may well have been tactical. Young II, 877 A.2d at 629. Accordingly, the supreme court held that petitioner failed to demonstrate that defense counsel's performance was deficient, or that he was prejudiced by those actions. *Id.* In the *Motion to Proceed*, all petitioner does, quite literally, is "disagree with the opinion[] of the supreme court" with regard to this issue. *Motion to Proceed*, p. 3. Petitioner's unsupported disagreement is obviously not enough to demonstrate that the Rhode Island Supreme Court's decision amounts to an unreasonable application of Strickland v. Washington, which is what would be required to grant the habeas petition on this issue. *See* Horton, 370 F.3d at 79-80.

As to appellate counsel's alleged ineffectiveness, the supreme court held that since the victim's contradictory statements "were fully explored at trial, appellate counsel could not be faulted for failing to appeal this issue." Young II, 877 A.2d at 629. As for

[3] The victim's trial testimony (Tr. 75-157) is contained in the State's Appendix, Tab 8.

appellate counsel's failure to raise the denial of motion for new trial, the state supreme court observed that

> In the underlying case, the trial justice deemed the victim to be completely credible and denied applicant's motion for new trial. . . . The applicant has put forth no evidence demonstrating that the trial justice's decision was clearly wrong or that she overlooked or misconceived evidence that was relevant and material and that was critical to an issue in this case. Consequently, we discern no ineffectiveness on the part of Young's appellate counsel in declining to appeal the motion for a new trial.

*Id*. at 630. Appellate counsel can hardly be called constitutionally ineffective for deciding not to raise on appeal an issue that had no merit to begin with. *See* Smith v. Robbins, 528 U.S. 259, 287-88 & n.16 (2000). And once again, petitioner's mere disagreement with the state supreme court's view of the issue (*Motion to Proceed*, p. 3) is not sufficient to warrant granting his habeas petition.

**2. *Motion to Proceed, Claim # 3***

Petitioner next claims that his jury was prejudiced against him and that the trial justice should therefore have granted a mistrial. *Motion to Proceed*, p. 3. Petitioner raised this issue on direct appeal, and the state supreme court thoroughly examined it and rejected it. Young I, 743 A.2d at 1034-35. On collateral attack the supreme court reaffirmed its decision. Young II, 877 A.2d at 630. In the *Motion to Proceed*, pp. 3-4, petitioner now appears to argue that the state supreme court erred in refusing to consider additional grounds he alleged for finding that the jury was prejudiced against him. What the Rhode Island Supreme Court held, however, was that because petitioner failed to raise the additional grounds in the course of his direct appeal, he was barred by the common law doctrine of res judicata from pursuing them any further. Young II, 877 A.2d at 630 (citing Bustamante v. Wall, 866 A.2d 516, 526 (R.I. 2005)). These

additional grounds are therefore also procedurally defaulted for purposes of federal habeas review. *See* Williams v. Bagley, 380 F.3d 932, 966-67 (6th Cir. 2004)(habeas claims procedurally barred by res judicata); United States ex rel. Novak v. Grankey, 871 F. Supp. 1053, 1055 (N.D. Ill. 1995)(same). *See also* Cannon v. Gibson, 259 F.3d 1253, 1266 n.11 (10th Cir. 2001)(if state court would consider claim procedurally barred based on petitioner's failure to raise it in timely fashion, claim is procedurally defaulted for habeas purposes).

**3. *Motion to Proceed, Claim # 4***

Petitioner next contends that the trial justice held an ex parte conversation with the prosecutor. *Motion to Proceed*, p. 3. The state supreme court refused to consider this issue because petitioner had failed to raise it before the superior court during the post-conviction relief proceeding. Young II, 877 A.2d at 630. In and of itself, that holding precludes this Court from considering the claim any further, because to properly present a claim in the habeas context petitioner must first fairly present it at ***every*** level of the state court system. *See supra* pp. 5-6. Since petitioner failed to fairly present his claim about the ex parte conversation during his post-conviction relief action, and now can no longer do so, *see* G.L. 1956 (1997 Reenactment) § 10-9.1-8; State v. DiCiantis, 813 A.2d 986, 992-93 (R.I. 2003), his claim is procedurally barred. *E.g.*, Coleman, 501 U.S. at 735 n.1

Moreover, the state supreme court also went on to hold that petitioner's claim was unsupported by competent evidence. Young II, 877 A.2d at 630. The conversation petitioner cited to the state supreme court occurred in chambers during trial. The transcript does not at all indicate that defense counsel, Attorney James Ruggiero, left the room prematurely. In fact, the chambers conference ends one-and-a-half transcript pages

after the portion that petitioner cited in his state court papers, and Mr. Ruggiero is ***still*** speaking on the record up until several lines before the conclusion of the conference. (Tr. 162-64) (State's Appendix, Tab 9). Petitioner's failure to support his habeas claim with competent evidence constitutes an adequate and independent state ground barring further consideration by this Court. *See, e.g.*, Horton v. Allen, 370 F.3d 75, 80-81 (1st Cir. 2004); United States ex rel. Novak, 871 F. Supp. at 1056. Furthermore, having failed to submit competent proof of his claim in state court, petitioner is not entitled to present the necessary evidence to this Court for the first time. Barrientes v. Johnson, 221 F.3d 741, 761 (5th Cir. 2000); Correll v. Thompson, 63 F.3d 1279, 1288 (4th Cir. 1995).

**4. *Motion to Proceed, Claim # 5***

Petitioner's fifth allegation of error is that the "prosecutor did not act in good faith in bringing the case against him." *Motion to Proceed*, p. 3. The state supreme court refused to consider this issue because petitioner raised it for the first time on appeal from denial of post-conviction relief. Young II, 877 A.2d at 630. As noted previously, the state supreme court's holding that petitioner's claim was waived for failure to raise it in the superior court prevents this Court from considering of it. *See supra* pp. 5-6.

The state supreme court also held that, as with the claim that the prosecutor had an ex parte conversation with the trial justice, petitioner failed to support his claim that the prosecutor did not act in good faith with competent evidence. Young II, 877 A.2d at 630. For the reasons already stated, petitioner cannot use the federal forum to present a claim he never properly presented in state court, and this Court is therefore precluded from considering it. *See supra* pp. 5-6, 10-11.

**5. *Motion to Proceed, Claim # 6***

Finally, petitioner contends that his habeas petition should be granted due to inconsistencies in witnesses' pretrial statements as compared with trial testimony statements. *Motion to Proceed*, p. 3. The Rhode Island Supreme Court refused to consider such an argument on collateral attack, holding that it was part and parcel of a trial court's decision on motion for new trial. Young II, 877 A.2d at 630. Elsewhere in the same opinion, in the context of considering petitioner's claim that appellate counsel was ineffective, the state supreme court had observed that petitioner had failed to demonstrate that the trial justice's denial of motion for new trial was erroneous in any way. *Id.* The State respectfully suggests that the state supreme court's evident holding that any new-trial claim was procedurally barred precludes this Court's further consideration of it, for reasons previously stated.[4]

In any case, before this Court, petitioner's argument and allegation of constitutional error, at least as presented in the *Motion to Proceed*, p. 4, is hard to follow. He clearly disagrees with the Rhode Island Supreme Court's holding, *Motion to Proceed*, p. 4, but does not explain what error of constitutional magnitude has been committed. The State would simply observe that mere inconsistencies in trial testimony, without more, do not create a source of constitutional error at all, let alone the sort of error cognizable in a habeas petition. *See, e.g.*, United States v. Doherty, 867 F.2d 47, 70 (1st Cir. 1989)("After reading the record, we can find no more than a conflict of testimony

[4] The superior court's bench decision denying petitioner's motion for new trial (Tr. 286-92) is contained in State's Appendix, Tab 11.

among witnesses. Neither Napue [v. Illinois, 360 U.S. 264 (1959)] nor any other decision prohibits a prosecutor from calling witnesses who will present conflicting stories."); United States v. Verser, 916 F.2d 1268, 1271 (7th Cir. 1990)("[N]ot every testimonial inconsistency that goes uncorrected by the government establishes a constitutional violation. 'Mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony.'")(quoting United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987)); United States v. Tavares, 93 F.3d 10, 14 (1st Cir. 1996). Nor does the recitation of these inconsistencies even begin to meet the petitioner's high evidentiary burden necessary to refute the Rhode Island state courts' presumptively binding factual determination that the victim's testimony was completely credible. *See* Young II, 877 A.2d at 627, 629-30.

### C. Motion to Grant

Petitioner's *Motion to Grant* appears predicated on an alleged but unspecified "misrepresentation of counsel" (*Motion to Grant*, p. 2), and a claim of the "worst kind of Brady violations on record." *Motion to Grant*, p. 2. The *Motion to Grant* completely lacks merit, for reasons discussed below.

First, petitioner alleges that his case was tried on hearsay evidence, with his characterization of "hearsay" being based on his own personal alleged lack of knowledge about whether the statements of the State's witnesses were true or false. *Motion to Grant*, p. 2, ¶ 1. Even assuming this allegation was previously made, the State cannot figure out what legitimate constitutional error it represents, or which precedent of the United States Supreme Court it violates. Petitioner's argument should be rejected.

Next, petitioner reviews inconsistencies in the victim's testimony and statements made pretrial, and then he denies that the crime occurred. *Motion to Grant*, pp. 2-3, ¶¶ 2-3, 5. For reasons previously stated, inconsistencies in the trial record don't by themselves create constitutional error. *See supra* pp. 12-13. This claim should also be rejected.

Petitioner also once more claims constitutional violation resulting from his inability to call a police officer and social worker at trial, both of whom would have testified to inconsistent statements made by the victim. *Motion to Grant*, pp. 4-5, ¶ 7. For reasons previously discussed, *see supra* pp. 7-9, this claim has no merit according to the Rhode Island Supreme Court, and petitioner is not entitled to pursue it in this Court on some sort of new legal theory (assuming a new theory is what he intended to present), *see supra* pp. 5-6.

Next, petitioner appears to claim that the medical records documenting the victim's medical examination did not support the victim's testimony at trial, and that the jury was deprived of access to the medical records. *Motion to Grant*, p. 4, ¶ 6. Again, this is a claim that has not previously been fairly presented to the state courts, and is therefore procedurally barred. *See supra* pp. 5-6. In any event, it is meritless, since the jury heard the live testimony of the pediatrician who conducted the physical examination and who testified about the very findings documented in those records. *See* Trial Testimony of Dr. Scott Berns, Tr. 186-94 (State's Appendix, Tab 10).

Along the same lines, and completely contradicting his previous claim that the jury lacked access to the medical evidence, petitioner proceeds to recount the trial testimony of the pediatrician to the effect that the medical examination did not affirmatively support a claim of sexual assault. *Motion to Grant*, pp. 5-6, ¶ 8. Petitioner

reasons from this that the victim must have perjured herself and that the prosecutor knowing used the victim's perjured testimony at trial, thereby committing misconduct of constitutional magnitude. *Motion to Grant*, pp. 5-6, ¶ 8.

What petitioner fails to mention, however, is that the pediatrician ***also*** testified that the lack of significant affirmative medical evidence was to be expected, and was not at all unusual, given that the physical examination of the victim occurred approximately five weeks after the act of intercourse. *See* Trial Testimony of Dr. Scott Berns, Tr. 191-92 (State's Appendix, Tab 10). The pediatrician noted that the examination findings neither confirmed nor refuted that sexual abuse had occurred. Tr. 192 (State's Appendix, Tab 10). There is thus no true inconsistency between the medical records and the victim's testimony. The State further observes that, under Rhode Island state law, no corroborating medical evidence was needed to convict petitioner; the victim's testimony, standing alone, was perfectly sufficient to do so. *See* G.L. 1956 (2002 Reenactment) § 11-37-11; State v. Clark, 603 A.2d 1094, 1097 (R.I. 1992). Petitioner has not previously made this claim regarding medical evidence in any meaningful way, but clearly, even assuming *arguendo* that the claim is properly presented in a federal forum, it is completely bereft of merit.

The State would also once again point out that contrary to petitioner's claims, the trial justice in this case, who had a front-row seat at the trial, found the victim to be completely credible. Tr. 289-92 (State's Appendix, Tab 11). The state supreme court credited that factual determination. Young II, 877 A.2d at 627, 629-30. Absent a clear and convincing evidentiary showing to the contrary, this Court is bound by the state court's factual finding in that regard. 28 U.S.C. § 2254(e)(1); Sanna v. DiPaolo, 265 F.3d

at 10-11; Rashad, 300 F.3d at 35, 44-45. A binding finding that the victim's trial testimony was credible tends to eviscerate not only this, but most of, petitioner's claims—certainly it seriously undermines those involving allegations of perjury and prosecutorial misconduct.

Additionally, besides alleging prosecutorial misconduct, petitioner attempts to characterize the alleged inconsistency between the medical testimony and the victim's trial testimony as some sort of violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner never raised a Brady violation in state court, and is therefore procedurally barred from doing so for the first time in this Court. *See supra* pp. 5-6. But in any event, the Brady claim is patently frivolous. Since Brady involves the withholding of material evidence, it can hardly be considered a Brady violation when a doctor testifies at trial to the very inconsistencies that petitioner later relies upon in making a Brady claim.

Finally, petitioner seems to blame his conviction on the fact that the victim was white, the jurors were white, and petitioner himself was black. *Motion to Grant*, p. 8, ¶ 5. Petitioner has never fairly presented these allegations to the state court, and they are therefore procedurally barred. Moreover, they are completely unfounded in the record in terms of constitutional violations, challenges under Batson v. Kentucky, 476 U.S. 79 (1986), and so forth. *See, e.g.*, United States v. Royal, 174 F.3d 1, 6 (1st Cir. 1999)(Sixth Amendment does not guarantee that a jury must be of any particular ethnic composition). As the hearing justice observed in rejecting petitioner's post-conviction relief application, "'nothing before me indicate[es] some pattern of impropriety on behalf of the State *** that would indicate some racial animosity or prejudice ***.'" Young II, 877 A.2d at 627.

This Court should reject these claims, as well as every other claim petitioner has made, completely out of hand.

**D. No Need For Evidentiary Hearing**

Given the nature of his habeas claims, petitioner is in no way entitled to an evidentiary hearing in this case. In enacting the AEDPA, Congress intended to curtail the number of evidentiary hearings held in federal habeas cases. *See* Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Williams v. Taylor, 529 U.S. 420, 436 (2000).

An evidentiary hearing would be particularly inappropriate in this case for at least two reasons. First, the Rhode Island state courts have ***already*** provided petitioner with a full and fair airing of his grievances. There is thus no justification for duplicating this effort just to give petitioner a second bite at the proverbial litigation apple. Perron v. Perrin, 742 F.2d 669, 672 (1st Cir. 1984). *See also* Williams, 529 U.S. at 437 ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."); Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000)(federal evidentiary hearing is appropriate only when state courts have *not* afforded petitioner a full and fair evidentiary hearing).

Second, the state courts have made detailed factual findings that are presumptively binding on this Court in the face of petitioner's failure to present any clear and convincing evidence in rebuttal thereof. A further hearing is therefore totally unwarranted. *See* Campbell v. Vaughn, 209 F.3d at 287; *see also*, *e.g.*, Edwards v. Murphy, 96 F. Supp. 2d 31, 49-50 (D. Mass. 2000); Dias v. Maloney, 156 F. Supp. 2d 104, 124 (D. Mass. 2001).

## Conclusion

For the foregoing reasons, the State respectfully requests that petitioner's habeas petition be denied and dismissed with prejudice as to all claims.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier_____________
**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: February 25, 2008

## CERTIFICATION

I hereby certify that on the 25th day of February, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that on the 13th day of February, 2008, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edward Young, Pro-Se, Adult Correctional Institutions, P.O. Box 8274, Cranston, R.I., 02920.

/s/ Lauren S. Zurier____________________