TO THE UNITED STATES FEDERAL DISTRICT

COURT OF RHODE ISLAND :

(1)

EDWARD EUGENE YOUNG SR £ PRO -SE ) DATE FEBRUARY 29 2008

V. CASE # 30 - 257 - T

STATE OF RHODE ISLAND

PLAINTIFFS RESPONSE TO THE STATE FOR FEDERAL

APPRAL AND A EVIDENTIARY HEARING :

NOW COMES THE PLAINTIFF EDWARD EUGENE YOUNG SR,(PRO -SE, ) TO THE FEDERAL COURT, IN RESPONSE TO THE STATE, IN HIS REQUEST FOR A APPEAL AND A EVIDRNTIARY HEARING. AND THE PLAINTIFF ASK THAT THIS COURT, TO GRANT HIS REQUEST FOR THE APPEAL AND OR THE EVIDENTIARY HEARING. DO TO THE FACT'S THAT IS NOW STATED IN THIS PLAINTIFFS RESPONSE TO THE STATE:

(1) THE PLAINTIFF IN ANSWERING THE STATE, ABOUT THE JUROR'S ON PAGE # 9 ) OF THE STATES RESPONSE, WHICH IS ABOUT MS MUELLER MS ARMSTRONG AND MS LESPERANCE.: IF THIS FEDREAL COURT, WOULD PLEASE LOOK IN THE AUGUST 8 2005, APPEAL ON PAGE(22 )SUPERIOR COURT POST - CONVICTION AND EXHIBIT D & E . I INFACT POINTED OUT THAT MS MUELLER, HAD SAID SOMETHING OTHER THEN WHAT WAS STATED TO THE JUDGE. AT THE TIME OF QUESTIONING HER, WHEN THE JUDGE HAD STOPED THE TRIAL TO QUESTION THE JUROR'S. ( AND THIS WAS BY THE

1-(1/2 )

juror ms zaino own word'S THIS IS THE WOMAN THAT BROUGHT THIS TO THE COURTS, ATTENTION ABOUT WHAT MS MEULLER, HAD SAID ALSO MS MEULLER. HAVE STATED IN HER OWN WORD'S THAT SHE AND TWO OTHER WOMEN HAVE TALKED. ABOUT THE CASE AND THE PLAINTIFF. I ALSO STATED THAT IT WAS INFACT MISREPRESENTATION AND ALSO INEFFECTIVRNRSS OF COUNSEL. BECAUSE THEY SHOULD OF GOT OUT THE INFORMATION ABOUT THE WRONG TALKING BETWEEN THESE THREE WOMEN : THAT DID INFACT PREJUDIECED ME.

THE PLAINTIFF WILL ALSO STATE THAT HE DID NOT GET THE STATES, RESPONSE, TO THE PLAINTIFF APPEAL. UN TO FEBRUARY 27 2008, AND THEN DID RESPONED BACK WHEN PUTING THE PLAINTIFFS RESPONSE IN THE MAIL ON THE DATE OF FEBRUARY 29 2008;

under 28 USCS & 1746 the 7 1/2 PAGES SENT

AND IS UNDER CERTIFY SIGNING

Edward Eugene young Sr

In the way that I did with me not Being a Lawyer and seen this wrong done. Between these (3) Women When talking about me and how they tried to cover it all up with lie's against each other. This is also in the states response, at the appeal from Judgment of conviction, 97-573-CA page ( 9 to 15). With also the Bad Faith And Misconduct of the Justice, at trial, and it is also on the court record = Thursday, September 19 1996, Afternoon Session.

On page 160 in also Exhibit -D When the Justice After Quetsioning ( Ms Zaino ) about these women if the Federal court will now look at page 160(# 8 to 10) When Ms Zaino, stated to the justice-- That every one is going to know that she was the one to tell, on these(3) people in the jury that was talking about the case and me. " BUT " she didnot want that to happen ; ( THE MISCONDUCT )

Is when ( THE JUSTICE ) Then stated back --- To the Juror, YOU SHOULDN'T HAVE SAID ANYTHING:(Then the Juror said I KNOW )

That in it self is Misconduct, and should of end the trial ;

On page (10) Of the states Response, is with out Merit, When talking about the Ex-parte- conversation with the prosecutor; Because at the post- conviction appeal ( THE PLAINTIFF) was with a counsel by name of Mr Laroche as my Lawyer. So what the state is asking of the plaintiff to do, could not be done by him at that time, because the plaintiff, didnot know of it at that time. THE FEDERAL COURT, KNOW THAT THIS CASE IN THIS COURT, IS BASED ON TRIAL AND APPEAL COUNSEL MISREPRESENTATION AND INEFFECTIVENESS: THE PLAINTIFF

(3)

THEN WENT ( PRO-SE) BECAUSE OF THIS AND ONLY AFTER GOING PRO-SE, IS WHEN THE TRUTH IS NOW OUT ABOUT THIS CASE. AND THE SUPREME COURT WOULD NOT LISTEN TO MY ( PRO -SE) ARGUMENT'S. OR LOOK AT THE FACT'S OF THE CASE STATING-----RES - JUDICATA BECAUSE THEY HAVE ALREADY MADE THEIR OPINION IN THE 2000 case opinion. AND DIDNOT WANT TO GO BACK IN THE CASE AGAIN AS THE PLAINTIFF HAVE STATED IN THE MEMORANDUM IN THE SUPPORT OF THE PETITIONERS OJECTION, TO THE STATES OJECTION FOR THE STATUS CONFERENCEON PAGE (3). And " THEREFORE " THIS CAN NOT BE BARRED, BECAUSE IT WAS THE RIGHT LEVEL OF PRESENTING AT THAT TIME AND AS THE STATE HAVE SAID IN THEIR OWN WORD'S , THAT THE SUPREME COURT, DID INFACT MAKE A OPINION TO THE MATTER. IF THE FEDERAL COURT WOULD PLEASE GO TO THE PLAINTIFFS AUGUST 8 2005, APPEAL AND LOOK AT THE ( 38) page case of fact's ON PAGE 27 to30 IS THE STATMENT OF THE PLAINTIFF AND THE FACT"S THAT HE WANTED THIS FEDERAL COURT TO KNOW AND SEE OF THE TRUTH. ITS ALSO IN THE STATES RESPONSE. AT THEIR EXHIBIT (3) page 4 to 6 ; The fact is, if the plaintiff did as the Federal Court, asked of the plaintiff, and took the case and claim's BACK TO the state court,BECAUSE LACK OF EXHAUSTION OF REMEDIES ON the Date of September 15 2003, AS THE STATE THEN SAID, AND THE SUPREME COURT, SAID THAT THE STATE WAS WRONG AND THAT COURT, WILL NOT REOPEN THE CASE ( THEN STATING ---- RES - JUDICATA) THEN THE PLAINTIFF DONE ALL THAT COULD BE DONE IN THAT MATTER, AND CAN'T BE BARRED:

page (11) is with out merit, for the same reason's that the plaintiff halve stated in the ( page 10 response to the state). AND FOR THE FACT THAT THE PROSRCUTOR, DID INFACT ACT IN BAD FAITH IN BRINGING THE CASE AGAINST THE PLAINTIFF. Because if the Federall Court, will please go to the August 8 2005, petition. And go to the ( 38 ) page FACT'S OF THE CASE and look at page 2 ( #2) about the prosecutor, it is also in the APPEAL TO YOUR COURT (A-2). In the plaintiff response TO THE STATES THAT IS ON PAGE ( 12 to18) THE STATE HAS NOW PUT THEIR SELF'S IN A ( INEXTRICABLE KNOT) IN THIS CASE AND NOW IS SEEKING EVERYAND ANYWAY OUT. THE STATE WANT THIS FEDERAL COURT,TO GO AGAINST THE LAW AND CLOSE THEIR EYE'S TO THE TRUE LAWS OF RHODE ISLAND AND ALL OTHER. AND JUST OVER LOOK(ALL THE WRONG ) THAT WAS DONE IN THIS CASE AND WHAT THIS AUGUST 8 2005, PETITION SHOW ABOUT THE WRONG THAT WAS DONE.

(0) THE STATE,IS NOT SAYING THAT THIS EX-PARTE-CONVERSATION DIDNOT TAKE PLACE IN HAPPENING. " BUT " IS INFACT ASKING THIS FEDERAL COURT, TO GO AGAINST THE LAW, AND CLOSE THE FEDERAL COURTS, EYE'S TO THIS UNJUSTICE OF WHAT TOOK PLACE BETWEEN THESE TWO OFFICERS OF THE COURT AND LAW. THE PLAINTIF PROVED THE FACT'S IN THE AUGUST 8 2005, PETITION AND IN THE 38 PAGE FACT'S OF THE CASE, AT PAGES 27 to 30 ;

(1) THIS FEDERAL COURT JUSTICE, KNOW THAT(THE VICTIM) STATED TO THE D.C.Y.F. WORKER MS DANCE, ON THE ATLANTIC AVE ADDRESS

THAT THE PLAINTIFF DID NOT DO THE CRIME. " BUT " THE STATE THEN SAID, THAT ( THE VICTIM ) LATER SAID THAT THE PLAINTIFF DID INFACT DO IT. AT A LATER DATE OF TIME, WHEN SHE WAS LIVING AT THE ADDRESS OF SYKES PLACE: " BUT " THE STATE, NEVER SHOWED ANY EVIDENCE OF THIS SO -CALLED STATMENT THAT WAS MADE BY THE ( VICTIM ) ABOUT THIS NEW TIME OF SAYING THAT THE PLAINTIFF HAVE DONE THIS TO HER : THE PLAINTIFF HAVE INFACT, PROVED THAT WAS A LIE, MADE BY THE PROSECUTOR,WHICH IS MISCONDUCT . The fact is, EVEN WHEN ASKED BY THE D.C.Y.F. WORKER, MS DANCE WHEN SHE WAS LIVING AT THE SYKES PLACE, ADDRESS( THE VICTIM ), EVEN THEN, STATED---- THAT ANOTHER PERSON DID A CRIME AGAINST HER. AND THAT THE PLAINTIFF DID NOT DO ANYTHING WRONG TO HER : THE(VICTIM ) ALSO GAVE THAT OTHER PERSONS NAME TO HER AT THAT TIME :

(2) THIS FEDERAL COURT JUSTICE, CAN SEE THAT THEIR IS LIE'S AFTER LIE'S IN THIS CASE FROM ( THE VICTIM ) IN THE STATEMENT'S OF WHERE SHE WAS LIVING OR EVEN THE REST OF HER FAMILY, AT THIS TIME WHEN THIS WAS SUPPOSED TO HAVE TOOK PLACE WITH THE ( VICTIM ):

(3) THE ( VICTIM ) LIED ON AND EVEN AFTER, HER POLICE REPORT AND TO THE D.C.Y.F. WORKER, MS DANCE, ABOUT WHAT HAD HAPPENED TO HER :

(4) THE ( VICTIM ) LIED ABOUT WHERE SHE WAS LIVING AT THE TIME OF THESE SO - CALLED ACT'S THAT THE PLAINTIFF WAS SUPPOSED TO HAVE DONE TO HER AND ABOUT THE LAST TIME THAT THE ( VICTIM ) HAD BEED WITH THE PLAINTIFF :

(5) THE ( VICTIM ) LIED ABOUT ( THE POLICE ) WHEN STATING THAT WHEN SHE GAVE THE POLICE HER STATEMENT ABOUT THE CRIME. THAT THE POLICE, HAD PUT WHAT THEY WANTED IN THE REPORT. BECAUSE SHE DIDNOT TELL THE POLICE SOME OF WHAT WAS SAID IN THAT POLICE REPORT, WHEN IT CAME TO SOME OF WHAT WAS SAID ABOUT THE PLAINTIFF:

(6) ( THE VICTIM ) LIED WHEN STATING--- THAT THIS HAPPEN TO HER IN JUNE, AND THE PLAINTIFF, DO BELIEVE THAT A PERSON KNOW WHEN SOME THING THAT BAD HAD HAPPEN TO THEM. THAT PERSON WOULD NOT FOR GET WHAT OR HOW IT HAPPENED. AND THE PLAINTIFF, DO THANK THAT THIS JUSTICE, WOULD INFACT AGREE ON THAT MUCH IN THE SAME WAY." EVEN MORE " WHEN THE SO -CALLED ( VICTIM ) GAVE A STATEMENT IN GREAT DETAIL OF THE CRIME AND WHAT INFACT TOOK PLACE AND WHEN AND HOW THAT IT WAS SUPPOSED TO HAVE HAPPEN IN.EVIDENCE OF THE CRIME THEN THEY SHOULD KNOW WHAT THEY ARE TALKING ABOUT. " THE PLAINTIFF " DID INFACT PROVE THAT ( THE VICTIM ) STATEMENT'S ABOUT THE CRIME AND ABOUT THE PLACE OF LIVING AT THAT TIME : TO BE UNTRUE AND THEIR IS NOT IN ANY WAY ( NO CREDIBILITY ) IN THE VICTIMS

TESTIMONY OR STATRMRNT'S OR POLICE REPORT :

THE APPEAL TO THIS FEDERAL COURT, HAS MORE THEN ENOUGH FOR THIS COURT.(TO ACT ON ) AND A EVIDENTIARY HEARING, WOULD INFACT BE NEEDED AND IS INFACT REQUIRED BY LAW. WHEN LOOKING AT THE LAWS OF, RELIEF -- APPELLATE REVIEW ON WRIT OF HABEAS CORPUS, CHAPTER NINE, PAGES 139 to 144. AS WELL AS IN THE APPEAL TO THIS FEDERAL COURT ON AUGUST 8 2005, IN THE EXHIBIT ( A-2) UP TO EXHIBIT 8 ; IS ABOUT THE VICTIM, AND THE REAL TRUTH ABOUT THIS CASE:

AND FOR ALL THE REASONS THAT IS STATED IN THE ABOVE IN THIS RESPONSE TO THIS FEDERAL COURT, THE PLAINTIFF RESPECTFULLY REQUESTS THAT THE PETITION BE GRANTED. AND THE CASE BE VACATED WITH PREJUDICE AS TO ALL THE CLAIMS :

Edward Eugene Young, Sr

EDWARD EUGENE YOUNG SR, ( PRO-SR ) I.D. 73534
MEDIUM ONE SECURITY P.O. BOX 8274 ( E L 24)
CRASTON RHODE ISLAND 02920