**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD E. YOUNG, Sr.,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 03-257 T** |
| | : | |
| **STATE OF RHODE ISLAND, et al.** | : | |
| **Respondent** | : | |

**STATE'S OBJECTION TO PETITIONER'S**
**MOTION TO VACATE TRIAL JUDGMENT**
**AND EXPUNGE AND SEAL PLAINTIFF'S CRIMINAL RECORD**

Petitioner has this date filed a one-page motion entitled "Motion to Vacate Trial Judgment and Exsponge [sic] and Seal Plaintiff[']s Criminal Record." The basic tenor of this motion is that after this Court grants the motion for summary judgment petitioner has also filed this date, the Court should then vacate his prison sentence and expunge his criminal record.

Putting aside questions of federal authority to expunge state court criminal records,[1] petitioner's motion is premature, to say the least. The State responded to petitioner's summary judgment claims in a document entitled "State's Response to Petitioner's Petition for Writ of Habeas Corpus," which was electronically filed with this Court on February 25, 2008, and is listed as docket entry # 52. In the State's *Response*, the State requests that petitioner's habeas petition be denied and dismissed with prejudice as to all claims. Until this Court has decided the motions filed in February 2008,

[1] Even assuming petitioner's crime qualified for expungement, state law requires that the motion to expunge be filed "in the court in which the conviction took place," which in this case would be Providence County Superior Court. G.L. 1956 (2002 Reenactment) § 12-1.3-2(a).

petitioner has no basis for requesting that his prison sentence be vacated, that his criminal record be expunged, and so forth.

The State appreciates that petitioner may be impatient with the fact that the Court has not resolved his pending motions; however, clearly the issues have been briefed for decision and will be decided in due course, when the Court's docket and schedule permit it to consider the matter. Petitioner's motion to vacate his trial judgment and expunge and seal his criminal record is inappropriate, and should be denied.

**Conclusion**

For the foregoing reasons, the State respectfully requests that petitioner's "Motion to Vacate Trial Judgment and Exsponge [sic] and Seal Plaintiff[']s Criminal Record" be denied.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Lauren S. Zurier

**Lauren S. Zurier # 4496**
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
lzurier@riag.ri.gov

Dated: July 21, 2008

**CERTIFICATION**

I hereby certify that on the 21st day of July, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that on the 21st day of July, 2008, I placed a copy of the within document in the U.S. mail, postage prepaid, to Edward Young, Pro-Se, Adult Correctional Institutions, P.O. Box 8274, Cranston, R.I., 02920.

/s/ Lauren S. Zurier____________________